## HOFFA v. STATE OF INDIANA.

[No. 24,211. Filed February 19, 1924.]

1. CRIMINAL LAW.—*Instructions.*—*Waiver of Incompleteness by Failure to Tender.*—If an instruction is correct as far as it goes, and is applicable to the issues and evidence, defendant cannot complain of its incompleteness if he has tendered no instructions himself. p. 301.

2. CRIMINAL LAW.—*Instructions.*—*Determination of Law by Jury.*—An instruction which tells the jury they may determine the law for themselves, but that that does not mean that they may set aside the law and make their own law, but are to determine the law as it is enacted by the legislature and interpreted by the higher courts, is a correct guide for determining the law. p. 301.

3. CRIMINAL LAW.—*Instructions.*—*Laws Governing the Jury.*—An instruction that it was for the legislature to determine the wisdom of a law, and that if the jury found that a law passed by the legislature was applicable to the facts in a case, and valid, it should govern the jury, is a proper instruction. p. 302.

From Clay Circuit Court; *Thomas W. Hutchison,* Judge.

Frank Hoffa was convicted of rape, and he appeals. *Affirmed.*

*Rawley & Baumunk* and *Edward H. Knight,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—The appellant was prosecuted upon an affidavit charging him with the crime of rape on a female child under the age of sixteen years. He was found guilty of rape by the jury, and was sentenced to imprisonment for not less than five nor more than twenty-one years.

The only errors appellant discusses in his brief relate to the alleged error of the court in giving certain instructions.

The appellant requested no instructions himself and he cannot complain of any instruction because it is incomplete, if it is correct as far as it goes and is

1. applicable to the issues and evidence. All except two instructions in this case are identical with the instructions given in the case of *Chesterfield* v. *State* (1923), *ante* 282, in which case it was decided that no reversible error was committed in the giving of such instructions.

The two instructions questioned here, which were not given in the case above referred to, are Nos. 25 and 26. Instruction No. 25 was as follows: "You

2. are the exclusive and sole judges of what facts have been proven and you may also determine the law for yourselves. That statement does not mean that you have the right to set aside the law and make your own law. You determine the law as it is enacted by the legislature of this state and considered and interpreted by the higher courts of record, and in that way you have the right to determine the law for yourselves, but not to make your own laws."

This instruction was copied from one approved in the case of *Lesueur* v. *State* (1911), 176 Ind. 448, where this court, speaking of the instruction said: "The instruction just quoted is no more than advisory to the jury as to the manner of determining the law. It is charged with determining the law as applied to a particular case, that is, what the law is upon a specific point or question. The law exists, or it does not. Innocence or guilt depends upon what the law is, upon a given state of facts. How is a jury to determine what the law is? It must be from the statute and the judicial determinations—not from the statute alone, but the substantive law—and the jury is given no more than the rules to guide it in determining what the law is. It must be true that it cannot make the law, but by both

the Constitution (Art. 1, §19) and §2136, *supra,* it has the right to determine it. The instruction was not erroneous, and the province of the jury was not invaded."

In the case at bar, the jury were plainly told in other instructions of their right to determine the law, and that although the court's instructions and decisions of the higher courts were entitled to great respect, they were not binding on the jury, if they determined the law otherwise.

The instruction under consideration was intended only to advise them how to determine the law, and they were informed in other instructions that this and other instructions were only advisory.

The instruction quoted gave the jury a correct guide for determining the law. Even if incomplete, it would not be sufficient to reverse the cause, as we cannot see how it could have been harmful to appellant in this case. *Bowen* v. *State* (1920), 189 Ind. 644.

Instruction No. 26, after telling the jury that it was for the legislature to determine as to the wisdom of a law, informed them that if they found that a law had been passed by the legislature which was applicable to the facts in this case, and that the law was a valid one, then it should govern the jury.

Although the giving of this instruction would seem to be unnecessary, yet it is clearly the law and could not harm the appellant. *Lynch* v. *State* (1857), 9 Ind. 541; *Hudelson* v. *State* (1884), 94 Ind. 426, 48 Am. Rep. 171; *Myers* v. *State* (1889), 121 Ind. 15.

The appellant not having pointed out any reversible error, the judgment is affirmed.