GARY A. McDANIEL v. STATE OF INDIANA.

[No. 677S420. Filed May 12, 1978. Rehearing denied August 14, 1978.]

*Michael E. Hunt,* Public Defender, of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of second degree murder and sentenced to an indeterminate term of fifteen to twenty-five years. The evidence shows that on August 15, 1975, appellant was arrested and brought to Bloomington City Court for arraignment on charges of malicious trespass and housebreaking to commit violence. Captain Donald Owens of the Bloomington Police Department escorted the appellant. The charges were read to him and when the court set bond at $500, the appellant pleaded for reduction of bond. The court refused and Captain Owens then escorted appellant from the courtroom. Scuffling noises were heard in the hallway and a shot was fired. Appellant was heard to say, "I didn't mean to shoot anyone. I was trying to kill myself." Captain Owens received the fatal gunshot wound during the encounter.

The sole witness to the incident was Robert McDaniel, brother of the appellant. He testified that as they reached the stairway, appellant attempted to return to the courtroom. Owens grabbed him and as the two men fell to the floor Owens' gun fell from his holster. The two struggled and the gun went off, the bullet striking Captain Owens.

Appellant moved for a change of venue from Monroe

County and its contiguous counties. The trial court conducted a hearing and thereafter granted the motion for change of venue from Monroe County, but denied the motion as to the contiguous counties. Appellant failed to strike from the list of counties contiguous to Monroe and jurisdiction was resumed by the Monroe Circuit Court. Appellant contends it was reversible error for the court to have denied his motion.

Indiana CR. 12 gives criminal defendants an absolute right to one change of venue from the county in all capital cases. Appellant was granted this change of venue. The question of whether to grant the change beyond the contiguous counties lies within the discretion of the trial court and will not be reversed unless an abuse of discretion is shown. *McFarland* v. *State,* (1975) 263 Ind. 657, 336 N.E.2d 824. The newsclippings attached to the motion for change of venue failed to show a pattern of deep and bitter prejudice as required by *Irvin* v. *Dowd,* (1961) 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751. The press coverage in the case at bar merely exhibits the normal reaction of news media to a story of this magnitude. It is merely the everyday reporting of the criminal justice processes. The trial court "had the right to weigh the content of the exhibits and determine their effect on the public attitude toward the defendant." *Brown* v. *State,* (1969) 252 Ind. 161, 173, 247 N.E.2d 76, 83. The trial court's decision to limit the change of venue to the counties contiguous to Monroe was not an abuse of judicial discretion in view of the evidence presented to him. By failing to strike from the list of counties submitted the appellant waived his right to a change of venue under Indiana CR. 12. We therefore hold there was no error in the trial court's resumption of jurisdiction in the case and the proceeding with trial in Monroe County.

Appellant next contends the trial court erred in overruling his *motion in limine* thereby permitting the State to impeach him during his testimony exploring his two prior arrests and guilty pleas to the charge of theft by

check, for which judgment was withheld. He argues that because judgment was never rendered he was not actually convicted of a crime. Convictions for crimes involving dishonesty or false statements may be used for impeachment purposes. *Ashton* v. *Anderson,* (1972) 258 Ind. 51, 279 N.E.2d 210. The crime of theft is a crime of dishonesty. *Fletcher* v. *State,* (1976) 264 Ind. 132, 340 N.E.2d 771. In *State* v. *Redman,* (1915) 183 Ind. 332, 109 N.E. 184, this Court held that when there has been a plea of guilty it is a conviction of crime and the presumption of innocence no longer follows the defendant. In the case at bar, appellant made a judicial confession. The fact that final judgment was not rendered does not alter the fact that he stands convicted of the crime to which he has entered a plea. We hold the trial court did not err in overruling the *motion in limine.*

A police officer testified that after the shooting the appellant stated, "I didn't mean to shoot anyone. I was trying to kill myself." Defense counsel objected on the ground of hearsay. The trial judge overruled the objection. Statements made between witnesses and the defendant with reference to the commission of the crime charged are relevant and admissible. *McFarland* v. *State, supra.* The appellant contends the State failed to produce independent evidence of the *corpus delicti* before introducing the admission and thus the evidence was improperly introduced. The State is not required to prove the *corpus delicti* by independent evidence prior to introducing a confession or admission of the defendant so long as the State, at some point, adduces the necessary proof to establish the *corpus delicti. Ballard* v. *State,* (1974) 262 Ind. 482, 318 N.E.2d 798. The order of proof is within the sound discretion of the trial court. *Parker* v. *State,* (1950) 228 Ind. 1, 89 N.E.2d 442. In such a situation, the case will be reversed only where there is a clear showing of an abuse of judicial discretion. *Brown* v. *State,* (1958) 239 Ind. 184, 154 N.E.2d 720. In the case at bar, the State discharged its duty of proving that a human being died as a result of a

criminal act, as required in *Cambron* v. *State,* (1975) 262 Ind. 660, 322 N.E.2d 712. Accordingly, the trial court did not err in permitting the State to introduce the evidence of appellant's statement concerning the shooting.

Appellant next claims the trial court erred in overruling his motion for mistrial. During the trial one of the jurors received a threatening telephone call regarding the case. The trial judge questioned the juror in his chambers, discharged the juror and impanelled the alternate juror. He then admonished the jury not to talk to anyone about the case and to immediately report any incidents of other attempts to discuss the case with them. Appellant argues that the admonishment to the jury was insufficient and that each juror should have been interrogated individually. Therefore, he claims his motion for mistrial should have been granted. In *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566, this Court held that where improper influences are made upon a juror the trial court should apply the procedures set forth in *Lindsey* v. *State,* (1973) 260 Ind. 351, 358, 295 N.E.2d 819, 823. The Court stated:

> "If the risk of prejudice appears substantial . . . the court should interrogate the jury collectively. . . . If any of the jurors have been exposed, he must be individually interrogated by the court. . . . At all stages, the trial court must have discretion to make the determination [and] the continuance of the trial, over the imperiled party's motion for a mistrial, will be reversible error only if it can be said, after giving the decision of the trial judge the benefit of all reasonable doubt, that the peril was such as to be uncurable by instruction." 264 Ind. at 494, 346 N.E.2d at 568-9.

In the case at bar, only one juror was affected by the threat. He was individually interrogated by the trial judge and discharged from the jury. The trial court was justified in finding that the risk of prejudice to the appellant was not substantial and that it could be cured by an admonishment to the remaining jurors. We hold the trial

court did not commit error in overruling the motion for mistrial.

Appellant next claims the evidence is insufficient as a matter of law. So long as there is substantial evidence of probative value from which the jury could have inferred that appellant maliciously and purposely killed the decedent, a conviction for second degree murder will be affirmed. *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686. From the evidence in this case, the jury could well have inferred that appellant shot Captain Owens. Malice and purpose may be inferred from the use of a deadly weapon in a manner likely to cause death. *Chatman* v. *State*, (1975) 263 Ind. 531, 334 N.E.2d 673. Although appellant stated he was trying to kill himself, it is the prerogative of the jury to believe or disbelieve him. *Blackburn* v. *State*, *supra*. We therefore hold there is sufficient evidence in this record to sustain the verdict of the jury.

Appellant claims the trial court erred in not permitting certain testimony at the sentencing hearing. One of the jurors, following the trial, wrote a letter to the appellant stating that she felt he "didn't mean for Captain Owens to get killed." The court properly ruled that this juror could not testify at the hearing as to any matters concerning the verdict in that a juror is not permitted to impeach his own verdict. *Stinson* v. *State*, (1974) 262 Ind. 189, 313 N.E.2d 699. After the trial a female employee of a local retail store revealed to appellant's attorney that on the morning of the trial two women entered the store at about 8:45 a.m. and stated they were in a hurry, as one of them was a juror in the trial of that "nigger who killed the cop." At the sentencing hearing appellant's attorney subpoenaed the employee to testify. However the court ruled the testimony inadmissible. Appellant argues that this juror lied on *voir dire* examination as to whether she had formed an opinion on his guilt or innocence and therefore that the exclusion of this testimony constituted reversible error.

A juror who makes false statements on his *voir dire* is guilty of misconduct. Our courts have generally viewed this as reversible error, for it impairs the right to challenge a juror. *Barnes* v. *State,* (1975) 263 Ind. 320, 330 N.E.2d 743; *Johnston* v. *State,* (1958) 239 Ind. 77, 155 N.E.2d 129; *Foreman* v. *State,* (1932) 203 Ind. 324, 180 N.E. 291. In the case at bar the affidavit of the defense attorney states that an unidentified woman purporting to be a juror made the statement above referred to. The purported statement, in itself, does not evidence the kind of misconduct which would warrant reversal. The trial court was well within its descretion in finding that the comment was only a passing means of description and not a conclusion of guilt. We take judicial notice of the common fact that laymen generally refer to persons charged with a crime in a seemingly conclusionary manner rather than employing the words usually used by the news media such as "charge" or "alleged." The trial court was well within his discretion in interpreting the remark as being of no significance. We therefore hold the trial court did not err in refusing to permit defense counsel to explore the matter further at the sentencing hearing.

The judgment of the trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 375 N.E.2d 228.