Jeffrey A. BERKMAN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4–483A98.

Court of Appeals of Indiana, Fourth District.

Jan. 23, 1984.

Rehearing Denied Feb. 24, 1984.

David H. Nicholls, Ellen S. Podgor, Nicholls & Podgor, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

After a jury trial, Jeffrey A. Berkman was convicted under Ind.Code 35–48–4–1 (1982) of dealing in cocaine, a Class B felony. On appeal, he raises two issues:

1. Whether the evidence was sufficient to support his conviction; and

2. Whether the trial court, faced with an affidavit indicating a juror had concealed his bias in drug cases on voir dire, erred in denying Berkman a new trial

without an evidentiary hearing on the juror's bias.

We affirm.

■ Berkman first challenges the sufficiency of the evidence to support his conviction.[1] On review, we do not weigh the evidence. Rather, we will affirm if the evidence most favorable to the State reasonably supports a finding of guilt beyond a reasonable doubt. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805. The State here was required to prove Berkman knowingly or intentionally possessed cocaine, with intent to deliver. Ind.Code 35–48–4–1 (1982). Berkman's conviction rested upon an undercover police officer's testimony, that on January 5, 1981, Berkman sold him a packet later determined to contain cocaine. Another officer also identified Berkman and testified to the meeting on January 5. The jury was entitled to disbelieve the defense witnesses who testified that Berkman was with them in another city on January 5. The evidence here was sufficient to support Berkman's conviction.

Berkman next contends that one of the jurors hearing his case, David Robinson, was biased against persons charged with selling drugs and concealed this bias on voir dire. Berkman raised this challenge in his motion to correct errors and supported it with the affidavit of Carl Lakomek, who was on the prospective jury panel with Robinson but was not a juror in Berkman's trial. In his affidavit, Lakomek said that Robinson repeatedly "expressed a predisposition of guilt towards individuals charged with drug related offenses" to Lakomek and other prospective jurors. In light of this uncontradicted affidavit, Berkman argues the court erred in denying him a new trial and in refusing an evidentiary hearing on the question of Robinson's bias.

■ We note initially that this case is not, as the State argues, governed by the rule that "a jury's verdict may not be impeached by testimony of the jurors." *Wilson v. State,* (1970) 253 Ind. 585, 591,

---

1. Berkman also claims the trial court erred in denying his motion for a directed verdict. Berkman waived this issue, however, by presenting evidence after his motion was denied. *Miller v. State,* (1978) 267 Ind. 635, 372 N.E.2d 1168.

255 N.E.2d 817, 821; *see also Stinson v. State*, (1974) 262 Ind. 189, 313 N.E.2d 699. The affiant here was not a juror in Berkman's case, nor did his affidavit allege any impropriety in the jury's verdict itself. Rather, as Berkman points out, the affidavit here calls in question Robinson's impartiality and truthfulness on voir dire.

 Generally, proof that a juror was biased against the defendant or lied on voir dire entitles the defendant to a new trial. *McFarland v. State*, (1979) 271 Ind. 105, 390 N.E.2d 989; *McDaniel v. State*, (1978) 268 Ind. 380, 375 N.E.2d 228; *Barnes v. State*, (1975) 263 Ind. 320, 330 N.E.2d 743. Moreover, when the defendant presents evidence that a juror was possibly biased, and concealed this bias on voir dire, the trial court generally must hold an evidentiary hearing to determine whether the juror was in fact biased. *McFarland v. State, supra; Stevens v. State*, (1976) 265 Ind. 396, 354 N.E.2d 727; *Barnes v. State, supra; Atkinson v. State*, (1979) 181 Ind. App. 396, 391 N.E.2d 1170.

Nevertheless, we do not believe a defendant may force an evidentiary hearing on a juror's bias after the jury has been discharged merely by making conclusory allegations of misconduct. Such hearings, if granted without some showing of good cause, could become a means for harassing jurors who have returned a guilty verdict. This very danger of harassment gave rise to the rule against considering jurors' affidavits discussed above. *Stinson v. State, supra.* Thus, we conclude that a defendant seeking a hearing on juror misconduct must first present some specific, substantial evidence showing a juror was possibly biased. This conclusion is supported by our supreme court's decision in *McDaniel v. State, supra.* In that case, the defendant sought an evidentiary hearing based on an affidavit stating that one juror told a third party she was a juror in the trial of that "nigger who killed the cop." The supreme court held that the trial court was within its discretion in finding this passing comment was not a strong enough indication of bias to entitle the defendant to a hearing on the matter. *Id.* 268 Ind. at 386, 375 N.E.2d at 232.

 In this case, the trial court properly found the affidavit tendered by Berkman insufficient to entitle him to a new trial or to warrant an evidentiary hearing. The affidavit merely states that, near the time of Berkman's trial, juror Robinson "expressed a predisposition of guilt towards individuals charged with drug-related offenses." As the trial court noted, this affidavit merely expresses the affiant's own conclusion that Robinson was biased, without stating the facts on which the affiant based that conclusion. Although the trial court was required to take as true the facts alleged in this uncontradicted affidavit, *Harris v. State*, (1981) Ind., 427 N.E.2d 658, it was not required to accept the affiant's conclusions. Unlike the defendants in *Stevens and Barnes, supra*, Berkman has presented no specific, substantial evidence showing that juror Robinson was possibly biased against him. Thus, the trial court here properly found the affidavit tendered by Berkman insufficient to entitle him to a new trial or to warrant an evidentiary hearing.

The trial court's judgment is affirmed.

CONOVER, P.J., and MILLER, J., concur.