**Harold D. SIZEMORE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 783S271.**

Supreme Court of Indiana.

July 8, 1985.

Terrence W. Richmond, Richmond, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of burglary, a class B felony, I.C. § 35–43–2–1. The case was tried before a jury. Appellant received a sentence of fifteen years.

Appellant claims in this appeal that there is insufficient evidence to support his conviction.

This Court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt the judgment must be affirmed. *Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042.

The evidence most favorable to the State discloses that on February 20, 1982, at 6:00 p.m., the victims departed from their residence. Later in the evening, Gary Thompson and Patricia Favorite observed a vehicle pull into their driveway, turn around and back up toward their house and stop. Appellant exited the vehicle, and Thompson turned on the porch light and went out on to the front porch. Thompson asked if he could help appellant. Appellant stalled a couple of minutes and then requested directions to Cambridge City. After receiving directions, appellant entered his vehicle and exited the driveway. However, appellant did not follow Thompson's directions. Thompson and Favorite noticed that there were other persons in the vehicle. Favorite also observed what appellant looked like.

Approximately five minutes later, Thompson and Favorite observed appellant's vehicle turning around in a driveway across the road. The vehicle then traveled toward the victims' residence. They observed his vehicle enter the victims' driveway and park near the victims' garage. They noticed that the lights in the victims' residence were being turned on one after the other and that persons were walking around inside the residence. Consequently, they became suspicious and drove down toward the victims' residence to investigate. As they approached the victims' driveway, they observed appellant's vehicle exit the driveway and head down the road. Favorite testified that the driver was the same person who had spoken to her husband. Thereafter, they called the police. A policeman observed a vehicle matching their description.

When the victims' returned to their residence, they discovered that it had been broken into and ransacked. However, they did not find any articles missing. Several months later they discovered that a movie camera, an engagement ring and a wedding ring were missing. The victims had not given anyone permission to enter their home.

Prior to trial, Thompson identified a photograph of appellant from a photographic display. Favorite selected appellant's photograph and one other. Favorite said that she could identify him if she saw him in person. At trial, Thompson and Favorite both identified appellant.

This evidence is clearly sufficient to support his conviction for burglary, including his identification, participation, and criminal intent.

Conviction is affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., not participating.