Sylvester H. TRAVIS, Appellant
(Defendant Below),

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

No. 1084S416.

Supreme Court of Indiana.

Feb. 3, 1986.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Sylvester H. Travis was tried before a jury on one charge of burglary, a class C felony, and one of theft, a class D felony. The jury found him not guilty of burglary but guilty of theft. He was also determined to be an habitual offender. The trial court sentenced him to thirty-four years and he now appeals. We affirm.

The evidence favorable to the trial court's judgment showed that on the morning of January 12, 1984, officials of Aid Ambulance of Indianapolis discovered that someone had broken a window at their headquarters, entered, and stolen several items, including a coffeemaker, a telephone, and some tools. A van was also missing from their rear lot.

Within a few moments, it appeared that two pieces of information pointed in the direction of Travis. First, Aid Ambulance noticed that he had not reported for work that morning. Second, the missing van was located near an address which company officials believed to be his. As it turned out, appellant had left that address and moved in with his sister. It was at that location where the police located him.

Appellant's sister gave permission for a search of the premises, during which police found the items missing from Aid Ambulance. They also located a second missing van in the back yard; someone had inartfully used orange paint to cover over the Aid Ambulance emblem on the cream van. Later investigation uncovered a knife in the glove compartment with appellant's fingerprints on it.

Taking Travis into custody, the police read him his *Miranda* rights, which he waived. He proceeded to tell the police that he and a friend, Gary Jenkins, had stolen the items after the friend broke into the offices. When an Aid Ambulance supervisor came to identify the stolen property, appellant asked him whether he was going to lose his job and said: "You know I could have really ripped you off."

Appellant testified at trial to the effect that Jenkins had perpetrated the crime all by himself. On appeal, this Court will consider only that evidence most favorable to the judgment of the trial court and will not reweigh the evidence considered by the jury. *Sizemore v. State* (1985), Ind., 479 N.E.2d 1313.

Travis seeks to have his conviction set aside because he claims the trial court wrongly permitted introduction of the statements he made to the police after he was taken into custody. He cites his testimony during a hearing on a motion to suppress to the effect that he had taken a quantity of quaaludes the night before and drank about a fifth of wine. He said that at the time the police arrived the next day he was very fuzzy and did not really understand what was being said or what he was doing. He argues that he did not have the capacity to give a voluntary waiver of his rights and that the statements should have been suppressed, citing *Miller v. State* (1944), 223 Ind. 50, 58 N.E.2d 114.

The voluntariness of a statement is a question of fact to be examined in the first instance by the trial court. If there is substantial evidence of probative value to sustain it, this Court will not disturb the trial court's decision. *Chandler v. State* (1981), 275 Ind. 624, 419 N.E.2d 142. De-

tective Albert Alford, who took appellant into custody and heard his statements, testified that Travis walked normally, seemed to understand his questions, and gave intelligent responses. With this testimony in the record, we are not inclined to reverse the decision of the trial judge to permit testimony about Travis' statements.

Travis also seeks reversal on the basis of the trial court's refusal to require that the prosecutor explain the basis for his peremptory challenges. Travis made this request "to prevent the prosecutor from peremptorily keeping blacks off the jury when a black defendant is in trial." Where a prosecutor in a given case has used his peremptory challenge to exclude blacks from the jury and the defendant can provide evidence of a systematic and purposeful pattern of excluding blacks in other cases in the same jurisdiction, the prosecutor has violated the defendant's rights under the Fourteenth Amendment. *Swain v. Alabama* (1965), 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759. Indiana has adopted the *Swain* test. *Hobson v. State* (1984), Ind., 471 N.E.2d 281.

█ In this case, there is not any indication in the record or even any allegation that the prosecutor excluded from the jury black veniremen. There is only the request that Travis be protected from the potential for harm by requiring the prosecutor to explain himself if he uses his peremptory challenges to remove a black juror. In short, there is nothing to indicate that Travis was in fact harmed by a prosecutor who removed blacks from the jury on the basis of racial discrimination. Thus, he has not even begun to make the showing necessary for us to grant relief under the *Hobson* test, or the kind of proof required in other jurisdictions which have considered this question. See *People v. Wheeler* (1978), 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748.

Appellant also challenges an instruction given by the trial court during the habitual offender proceeding which informed them that they were not to take into consideration any penalty which might attach as a result of their decision. He also argues

that he was prejudiced by an order *in limine* which prohibited any of the parties from informing the jury of the penalties to which the defendant might be subjected. Contrary to the assertion contained in Travis' appellate brief, it appears that the court order did not prohibit him from arguing to the jury that there was some additional penalty which attached to the habitual offender finding and impressing upon them that this was a matter of considerable gravity.

█ Travis argues that the trial court had already given instructions telling the jury that they should not consider potential penalties during the trial on the underlying felonies and that repeating the same instruction during the habitual offender phase was reversible error. Decisions concerning jury instructions lie within the discretion of the trial court and this Court will not reverse unless the error is such that, taken as a whole, the charge to the jury misstates the law or otherwise misleads the jury. *Daniels v. State* (1980), 274 Ind. 29, 408 N.E.2d 1244. Appellant concedes that the instruction correctly states the law and we think that its repetition during the habitual offender proceeding is appropriate.

Appellant tendered an instruction, which was refused by the trial court, as follows:

The Constitution of Indiana provides that in all criminal cases the jury shall judge and determine the law as well as the facts. It is the duty of the court to instruct you on the law governing the case, and you should give the court's instructions respectful attention. However, the instructions of the court are not necessarily binding on you. You have the right to independently determine the law to be different from what the court says it is. The instructions given are for your guidance and information and you should give the instructions such consideration and respect as you deem them entitled to.

Travis argues that a similar instruction was approved in *Smith v. State* (1974), 160 Ind.App. 622, 312 N.E.2d 896. In that case, a defendant challenged the instruc-

tion because it did not use the word "exclusive" as in "exclusive judges of the law". The First District found that the instruction was proper and that the word exclusive was not required.

 Although the instruction approved in *Smith* was proper, it does appear as something of an invitation to ignore the court's charge. The instruction given in the case at bar is more direct and perfectly adequate on this point. It said, in part:

> You are also the finders of the law that applies to this case, being guided by the instructions given by the judge. You should, however, find both the law and the facts as they are, not as you would like them to be.

Where the substance of a tendered instruction is covered by another instruction, it is proper to refuse it. *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836. We conclude that the trial court properly refused appellant's instruction.

Finally, appellant challenges the trial court's decision to enhance the sentence on the underlying theft to four years before adding thirty years by virtue of the habitual offender finding. He urges that we reverse this decision on the grounds that it constitutes double jeopardy, although counsel rightly acknowledges that this Court has already rejected similar claims. *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60. Moreover, it appears from the record that the trial court based its decision to enhance the sentence for theft on Travis' lengthy record of encounters with the criminal law, commencing with juvenile proceedings. The trial judge noted: "I don't see a period of time, even one year, when you haven't either been in jail or in court or something." Of course, the felonies used as the basis for the habitual offender charge were a part of this record, but it appears that it was the history of other offenses which constituted the basis for the trial court's decision to sentence Travis to four years on the underlying theft. Clearly, such a decision does not provide a foundation for a double jeopardy claim.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.