**James R. HARVEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8805–CR–459.**

Supreme Court of Indiana

Aug. 16, 1989.

Roger T. Moore, Sr., Portage, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Robbery While Armed With a Deadly Weapon, a Class B felony, for which he received a sentence of fifteen (15) years, which was ordered to be served consecutively to the sentence imposed upon appellant relating to his robbery conviction in Porter Superior Court, Cause No. 86 PSCr 38/B.

The facts are: On March 14, 1987, a man entered the Porter Cleaners in Munster, Indiana and asked Irene Matz, an employee, whether they could dye a leather coat for him. After Matz responded, he drew a gun and told her to give him the money. She opened the cash register and gave him approximately $75. He told her to get in the back room and stay there until she counted to twenty. When appellant left, Matz called the police and gave them a description of the robber.

Approximately a month later police showed Matz a photographic array, but she did not recognize any subject as her robber. Because appellant was not a suspect at that time, his photograph was not included in the first array. In May of 1987, Matz was shown a second photographic lineup which included appellant's photograph, and she immediately recognized him as the robber.

Appellant argues the trial court erroneously sustained the State's objection to questioning concerning the person who told police he believed appellant committed the robbery of Porter Cleaners. During cross-examination, defense counsel asked Officer Panich whether they were investigating the possibility that a Randall Snellgrove may have committed the robbery, and he said, "Yes." The State objected, stating the question was irrelevant, and the objection was sustained. Officer Panich was then asked how appellant became a suspect in the case, and he stated they became suspicious of appellant through the investigation of another previous robbery. Defense counsel asked him whether they got information from Snellgrove about appellant's involvement in the cleaners robbery, and the State's objection to the question was sustained on relevancy grounds. The defense then asked Officer Panich how, as a result of clearing up the first robbery, appellant became a suspect, and he answered that the first suspect's statement implicated appellant. Appellant believes he was erroneously prohibited from investigating the credibility of the "informant" when the trial court sustained the State's objection to that line of questioning.

Appellant cites cases in which this Court has held that the identity of a confidential informant may be disclosed unless the State can show a paramount interest in nondisclosure. However, such cases are inapplicable to the case at bar. The identity of the "informant" in appellant's case was known by both sides. Additionally, the State did not rely on the "informant's" testimony in making their case; the affidavit for probable cause was based only upon Matz's identification of appellant and the

prosecution did not refer to the "informant" or his information in any way.

The trial judge has discretion to determine the scope of cross-examination, and only a clear abuse of that discretion warrants a reversal. *Carter v. State* (1987), Ind., 505 N.E.2d 798. Whether to permit cross-examination to test the credibility of a witness also is within the trial court's discretion. *Brooks v. State* (1973), 259 Ind. 678, 291 N.E.2d 559. Because the State based its case on Matz's positive identification of appellant as the robber and not on any information or testimony from the alleged informant, we find no abuse of trial court discretion in sustaining the State's objection to the questioning based upon relevancy grounds.

■ Appellant contends the trial court erred in prohibiting him from presenting certain alibi evidence. His notice of alibi stated his intention to prove that at the time of the offense, he was at 1615 Service Street, Lake Station, Indiana at R.H. Concrete. R.H. Concrete was the construction business owned by appellant's father, Russell Harvey. At trial, the State objected before Russell testified because they learned through deposing him that he intended to testify that appellant was at 73rd and Grant Streets in Gary, another location in Portage, and another location called Ingram Manor in Porter County. The trial court allowed alibi testimony as to the 1615 Service Street location but prohibited any testimony about the other locations.

Appellant asserts that the address given on the alibi notice was the construction business address, and given the nature of the business, it is obvious that they would be at various locations. He finds fault in the State for not requesting a continuance to investigate the other locations.

Indiana Code § 35–36–4–1 states that a defendant's notice of intent to offer an alibi must include specific information concerning the exact place where the defendant claims to have been on the date stated in the information. One purpose of this statute is to advise the State in advance of the exact place the accused claims to have been when the offense was committed so that

the State might investigate the alibi and either dismiss the charges before trial, if it is discovered that the wrong person is accused, or secure evidence to prove the alibi false if such is the case. *Graham v. State* (1984), Ind., 464 N.E.2d 1. This purpose was thwarted by appellant's addition during trial of the other locations in which he could have been found at the time of the robbery.·

■ Additionally, the State objected to Russell's testimony concerning appellant's whereabouts on hearsay grounds because during his deposition, he stated that he had no independent recollection of what occurred on March 14, 1987 but he would testify as to appellant's whereabouts based upon conversations he had with appellant. We find no error in the trial court's exclusion of testimony from Russell concerning appellant's whereabouts other than that location listed on his notice of alibi.

■ Appellant claims his Class B robbery conviction cannot be sustained because the State failed to prove he was armed with a deadly weapon during the robbery.

Matz testified that during the holdup, appellant approached the counter and pointed a silver gun at her and told her to give him money. On cross-examination she stated that she saw protruding from appellant's hand approximately two inches of a gun barrel. Defense counsel asked her whether she only assumed it was a gun, because she did not see the whole thing. She said, "I saw it was a gun." She was asked again whether she could tell it was a gun and she said, "I figured it was a gun." Appellant asserts that no evidence was presented to show he was armed with a deadly weapon.

It was the jury's function to determine whether Matz's statement that she saw a gun was credible, and not that of this Court. *Moore v. State* (1987), Ind., 515 N.E.2d 1099. It has been held that a gun which shot only blanks and a gun which did not shoot at all were deadly weapons because they were used in a threatening manner which frightened the victims. *Rogers*

*v. State* (1989), Ind., 537 N.E.2d 481; *Barber v. State* (1981), Ind.App., 418 N.E.2d 563. Matz stated that she believed appellant was holding a gun on her and that she was "petrified." We find sufficient evidence exists to sustain appellant's Class B robbery conviction.

Appellant contends he was prejudiced by the prosecutor's use of the term "defendant." During direct examination of Matz, the prosecutor asked, "And at that point in time you moved closer to the defendant?" Appellant objected to his use of the word "defendant" and the trial court sustained his objection and ordered it stricken and corrected to the appropriate term until identification was made. Appellant believes it is evident that Matz was influenced by the term. Prior to that time, she twice gave a description of the robber, varying his age and height by a few years and two inches. Shortly after the prosecutor referred to appellant as "the defendant," she identified him as the robber. Appellant believes she was unduly influenced by the term.

We first note that appellant's objection was sustained; thus, it cannot serve as a basis for argument on appeal. *Reames v. State* (1986), Ind., 497 N.E.2d 559. Additionally, Officer Panich testified that Matz viewed one photographic lineup which did not contain appellant's picture and recognized no one as the robber, but when she was shown an array which did contain appellant's photograph, immediately upon opening the array she pointed right to appellant's photograph and said, "That's the man." We find that sufficient evidence exists which shows that Matz's identification of appellant was based on factors other than the prosecutor's use of the term "defendant."

Appellant believes that the photographic lineup was unduly suggestive because the police brought it to Porter Cleaners where Matz was working. He argues that showing the array at the scene of the crime was highly prejudicial.

We have held that bringing a suspect in person to the scene of the crime immediately after its occurrence for the purpose of identification is permissible. *Rogers, supra.* Matz viewed all of the subjects in the array at Porter Cleaners. Appellant suffered no special detriment. We do not agree with appellant that bringing the array to the scene of the crime for the victim's convenience was prejudicial.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.