**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**David A. WILLIS, Appellee (Defendant Below).**

**No. 64A038905PC175.**

Court of Appeals of Indiana, Third District.

April 11, 1990.

Rehearing Denied June 12, 1990.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellant.

James M. Shellow, Dean A. Strang, Shellow, Shellow & Glynn, S.C., Anne Willis Reed, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., Milwaukee, Wis., Christopher Kirages, Stark Doninger Mernitz & Smith, Indianapolis, Christopher A. McQuillin, Law Offices of Ronald P. Nelson, Valparaiso, for appellee.

STATON, Judge.

The State of Indiana appeals the judgment of the post-conviction court vacating the conviction of David A. Willis and ordering a new trial. Willis cross appeals.

The parties present this court with five issues:

1. Whether a jury instruction which stated that an inconsistent statement could be used to decide the weight to be given a witness' testimony as well as substantial evidence of the defendant's guilt was fundamental error?

2. Whether it was error for the trial court to allow evidence of disciplinary complaints?

3. Whether an instruction that the jury could determine the law denied Willis basic constitutional rights and due process?

4. Whether an instruction that allowed the jury to find that Willis either knowingly or intentionally exerted unauthorized control over the property of another resulted in a verdict that was not unanimous?

5. Whether the issue of Willis' sentence is *res judicata*?

David A. Willis, an attorney, was convicted of theft at a trial by jury and received a presumptive sentence of two years. His conviction was affirmed on direct appeal. *Willis v. State* (1987), Ind.App., 512 N.E.2d 871, *rehear. denied, trans. denied.* He

petitioned for post-conviction relief on five grounds. The post-conviction court granted relief on two grounds and denied relief on three. Additionally, it set aside the jury verdict, vacated the judgment of conviction and sentence, and ordered a new trial. The State and Willis both appeal.

## I.

### Inconsistent Statements

■ The State claims the post-conviction court erred by granting Willis relief based on the following jury instruction:

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness [made a statement] inconsistent with his testimony in this case. It is inconsistent if the witness denied making the prior statement or if the witness could not remember making the prior statement. Evidence of this kind may be considered by you in deciding the weight to be given to the testimony of that witness as well as substantial evidence of the guilt of the defendant.

R. 61 (brackets in original). Willis did not object to this instruction at trial or on direct appeal. He raised it in his petition for post-conviction relief on the grounds that it was fundamental error. The thrust of his argument is that this instruction chills the right of confrontation because the inconsistent statement of any witness could be considered by the jury as substantial evidence of guilt. A similar instruction was discussed by our Supreme Court in *Smith v. State* (1986), Ind., 490 N.E.2d 300, 303. The instruction discussed in *Smith* was the same except the word "substantive" was used in the last sentence instead of the word "substantial". In *Smith* our Supreme Court stated:

Appellant claims this instruction is confusing and misleading since it indicates that evidence of merely making inconsistent statements could be considered substantive evidence of guilt. We see no merit to this argument.

Willis has made the same argument and although the two words have different meanings *Smith* is decisive. The use of this instruction was not fundamental error. The post-conviction court is reversed in granting relief on this issue.

## II.

### Disciplinary Evidence

■ The post-conviction court also granted Willis relief on the grounds that evidence of disciplinary complaints should not have been admitted. Although this issue has been decided on direct appeal the post-conviction court granted relief because it believed this court was misled by a statement in the brief submitted by the State. Both parties had the opportunity to submit briefs on direct appeal and appellants frequently submit reply briefs to respond to issues not covered in the original brief. Such issues can also be raised in a petition for rehearing. Willis has had several opportunities to correct any perceived error. An issue addressed on direct appeal is not a proper subject for post-conviction relief. *Johnson v. State* (1986), Ind., 502 N.E.2d 90, 91. This issue has been determined on direct appeal and further review is foreclosed by the doctrine of *res judicata*. *Frasier v. State* (1977), 267 Ind. 24, 366 N.E.2d 1166, 1167. The post conviction court is reversed in relief to Willis on this issue.

## III.

### Jury as Judge of the Law

■ Willis contends that the instruction given by the trial court which informs the jury that it is the judge of the law as well as of fact denied him basic constitutional rights and due process. The instruction is as follows:

Since this is a criminal case the Constitution of the State of Indiana makes you the judge of both the law and the facts. Though this means that you are to determine the law for yourself, it does not mean that you have the right to make, repeal, disregard, or ignore the law as it exists. The instructions of the court are the best source as to the law applicable to this case.

R. 55. Although Willis failed to object to this instruction at trial he now challenges it as fundamental error.

Article 1 section 19 of the Indiana Constitution states that:

> In all criminal cases whatever, the jury shall have the right to determine the law and the facts.

This constitutional provision is an extra safeguard for the criminal defendant. From a practical viewpoint, the trial court determines the law in all procedural matters, and during the trial when the jury participates in the criminal judicial process, it is the trial court judge who determines the law as to the admissibility of evidence, motions for direct acquittal, mistrial, and the granting of a new trial. As Justice Arterburn pointed out in *Beavers v. State:*

> We also know in practice that the judge in criminal cases determines the law in all procedural matters; that during the trial the judge, not the jury, determines the law as to the admissibility of the evidence, and thereafter on a motion to direct an acquittal, or for a new trial he again determines the law. If a jury is the "exclusive" judge of the law, then it should determine all such questions of law including the competency of the evidence so offered. If the jury is the exclusive judge of the law one may be asked what right does a trial court have to set aside a jury's verdict because it is contrary to law, or the evidence is insufficient when measured by legal rules? If the jury is the exclusive judge of the law its verdict of guilty would be final regardless of the court's belief that it was rendered in legal error. Juries are not at liberty to create new offenses, or find a defendant guilty of an offense not charged even though they might attempt to do so, because the judge in the last analysis has a duty under his oath to invoke the constitution, and prevent a travesty on justice.
>
> *It has been said that juries are judges of the law only in the sense that their verdicts of acquittal are not open to correction when they disregard the law.*

While the jury, under such a provision, have the right to determine both the law and the facts, it is not strictly true that they are the sole judges of the law of the case. Such a provision means that the jury have the right to determine all questions of law applicable to such matters as they are required to consider in making up their verdict. It is their duty to apply the law to the facts of the case, and they have to be judge of both, to come to a conclusion as to both. But the constitutionality of a statute under which a person is prosecuted is a matter for the court to determine, and it is the duty of the jury to accept the court's determination thereof.

> It is quite apparent that legally and factually it is erroneous to say that the jury is the "exclusive" judge of the law in criminal cases regardless of what may have been inadvertently stated in the past by this court as a result of very little, if any, examination of this question.

(1957), 236 Ind. 549, 557, 141 N.E.2d 118, 122 (our emphasis) (internal quotation marks omitted; citations omitted).

Willis, however, claims that this instruction deprives criminal defendants of basic constitutional protections. His claims of constitutional deprivation are based on the assumption that the instruction encourages the jury to ignore existing law and allows them to revise the elements of the charged offense, thereby depriving the defendant of notice of the crime with which he is charged and restricting his ability to present an effective defense.

The instruction at issue in this case clearly states that the jury does not "have the right to make, repeal, disregard, or ignore the law as it exists." Willis claims this language is meaningless. We find it to be clear and unambiguous. We have reviewed the other jury instructions given by the trial court and they provided the jury with all the information necessary on the law applicable to this case; the jury had adequate guidance on "the law as it exists."

Willis' contention that he did not know what law the jury would apply in coming to their verdict is no more persuasive then would be the argument that he did not know what weight the jury would put on the facts or what credibility the jury would attribute to certain witnesses.

This instruction has been challenged on other grounds without success. It has been specifically approved by our Supreme Court in *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1076.

No fundamental error exists.

## IV.

### *Culpability Instruction*

Willis contends the jury instruction given by the trial court on culpability was unconstitutional because it did not distinguish between knowingly and intentionally. He contends this allowed the jury to reach a verdict that was not unanimous. The disputed jury instruction merely set out the elements of the crime of theft as defined by IC 35–43–4–2 (Burns Code Ed., 1989 Supp.) which states in pertinent part:

> A person who *knowingly or intentionally* exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony.

(Emphasis added.) According to the statute the action can be knowing *or* intentional. Conduct that is engaged in intentionally is necessarily engaged in knowingly. *Trevino v. State* (1981), Ind.App., 428 N.E.2d 263, 267. Therefore it is clear that the jury reached a unanimous verdict that Willis knowingly committed theft.

## V.

### *Sentence*

Willis contends that although we have already reviewed his sentence on direct appeal we should reconsider it in light of *Fugate v. State* (1987), Ind.App., 516 N.E.2d 75, an opinion that was published after our disposition of his appeal. We decline to reconsider this issue because it is *res judicata*. *Frasier* at 366 N.E.2d 1167.

Furthermore, we note that the case Willis refers us to would not change our disposition of the issue because it involved an inaccurate presentence report, consideration of an acquittal in sentencing, aggravating factors, and the opinion was not unanimous.

The post-conviction court is reversed upon Issue I, Inconsistent Statements and Issue II, Disciplinary Evidence. The post-conviction court is further ordered to reinstate the jury verdict, reinstate the judgment of conviction and sentence and to vacate its order granting a new trial. In all other things, the post-conviction court is affirmed.

GARRARD, P.J., concurs.

SHIELDS, P.J., concurs in result on Issue I with separate opinion.

SHIELDS, Judge, concurring in result on Issue I.

I concur in result as to Issue I, Inconsistent Statements. Willis has waived the issue because it was available on his direct appeal and he does not claim his appellate counsel was ineffective for failing to raise it. I agree with the majority that the particular issue Willis seeks to raise, that the instruction allowed him "to be convicted upon 'evidence' that is not evidence at all—that is, the mere existence of a prior inconsistent statement ... [and deprived [Willis] of his confrontation right as well because it acted as a bar to impeachment on prior inconsistent statements" (Appellant's Brief at 14) was resolved adverse to Willis's position in *Smith v. State* (1986), Ind., 490 N.E.2d 300, 303. However, I disagree with the implication in the majority decision that *Smith* in any way addresses the substantial difference in meaning between the words "substantive" and "substantial." In all other respects I concur in the majority opinion.