**Daniel R. FUQUAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–9107–CR–207.

Court of Appeals of Indiana, First District.

Dec. 18, 1991.

---

David W. Lamont, Evansville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Daniel R. Fuquay appeals his conviction of dealing in cocaine within one thousand (1000) feet of a school, a class A felony.[1]

We affirm.

### ISSUES

1. Did the trial court err in refusing Fuquay's tendered instruction concerning the right of the jury to determine the law?

2. Did the trial court err in overruling Fuquay's motion to correct errors based upon alleged juror misconduct in giving untruthful answers on voir dire examination?

3. Did the trial court err in prohibiting cross-examination of the arresting officer regarding prior drug transactions with the confidential informant?

---

1. IND.CODE § 35–48–4–1.

## FACTS

On July 20, 1990, Trooper Wilkerson of the Indiana State Police and a confidential informant went in Wilkerson's car to a place where Fuquay was sitting in a parked Jeep. Wilkerson instructed the informant to ask Fuquay if he had any cocaine. The officer observed the informant leave his car, proceed to the vehicle where Fuquay was, and obtain something from Fuquay. The informant returned to Wilkerson's car with five (5) plastic bags of cocaine. Pursuant to Wilkerson's instruction, the informant returned the bags of cocaine to Fuquay who was then called to the trooper's car where, following some negotiation, he sold the five (5) bags of cocaine to Trooper Wilkerson.

Further facts are stated in our discussion of the issues.

*Issue One*

■ Fuquay contends the trial court erred in refusing his tendered instruction number three which stated:

"The Constitution of Indiana provides that in all criminal cases the jury shall judge and determine the law as well as the facts. It is the duty of the Court to instruct you on the law and you should give the Court's Instructions respectful attention. However, the instructions of the Court are not necessarily binding on you. You have the right to independently determine the law to be different from the instruction from the Court. The instructions given are for your guidance and information and you should give the instructions such consideration and respect as to which you deem they are entitled."

Record at 469.

Although Art. 1, § 19 of our state constitution confers upon juries in criminal cases the right to determine the law, that right is not without limitation. In determining the law, it is the duty of the jury to determine the law correctly, as it in fact is, and it may not arbitrarily reject the instructions of the court.

Fuquay's tendered instruction would have advised the jury that "the instructions of the Court are not necessarily binding on you. You have the right to determine independently the law to be different from the instruction from the Court." This instruction is tantamount to telling the jury it could do whatever it wanted to in determining the law. Such an instruction is not proper.

In *Hoffa v. State* (1924), 194 Ind. 300, 301, 142 N.E. 653, 653, our supreme court upheld the following instruction:

"You are the exclusive and sole judges of what facts have been proven and you may also determine the law for yourselves. That statement does not mean that you have the right to set aside the law and make your own law. You determine the law as it is enacted by the legislature of this state and considered and interpreted by the higher courts of record, and in that way you have the right to determine the law for yourselves, but not to make your own laws."

An instruction tendered and rejected in *Beavers v. State* (1957), 236 Ind. 549, 554, 141 N.E.2d 118, 120, stated:

"You are the exclusive judges of the facts proven and the credibility of the witnesses and this being a criminal action you are also the exclusive judges of the law, but it is the duty of the court to instruct you as to the law of the case. These instructions, however, are not given for the purpose of controlling your judgment but are intended only to aid you in understanding the law. You have a right to disregard them altogether if you desire and to determine what the law of this case is for yourselves."

The Supreme Court of Indiana held the tendered instruction in *Beavers* properly was refused. The court stated it is erroneous, both legally and factually, to say that the jury is the exclusive judge of the law in criminal cases. "In our opinion juries should be bound by their conscience and their oaths, and not be in substance told they may act capriciously upon a whim or prejudice." *Id.*, at 559, 141 N.E.2d at 122.

In *State v. Willis* (1990), Ind.App., 552 N.E.2d 512, 514, *trans. denied*, this court upheld an instruction stating:

"Since this is a criminal case the Constitution of the State of Indiana makes you the judge of both the law and the facts. Though this means that you are to determine the law for yourself, it does not mean that you have the right to make, repeal, disregard, or ignore the law as it exists. The instructions of the court are the best source as to the law applicable to this case."

The decision in *Willis* relied heavily upon the opinion of Justice Arterburn in *Beavers*.

Thus, it seems clear that in exercising their constitutional right to determine the law, juries, under their oaths, are bound to determine it correctly, and that an instruction which would lend credence to the view that the jury was free to "do its own thing" and determine the law in accordance with its own personal opinion as to the law, is erroneous and should not be given. In our view, the tendered instruction here is in the same category as the one rejected in *Beavers*, and could leave the impression on the jury that it could decide the law on the basis of whim or personal prejudice.

We agree that Fuquay had a right to have the jury properly instructed upon its constitutional right to determine the law, and had he tendered a proper instruction on that subject, it would have been reversible error to refuse it. Because the instruction he tendered was not proper, it was not error to refuse it.

For the reasons stated, this issue presents no reversible error.

*Issue Two*

Next, Fuquay contends the trial court erred in denying his motion to correct errors based upon alleged false answers given during voir dire by juror James Albert Patton.

■ It is misconduct for a juror to make false statements in response to questions on voir dire examination, and, generally such is held to constitute reversible error because it impairs the right to challenge the juror, either peremptorily or for cause. *Lopez v. State* (1988), Ind., 527 N.E.2d 1119; *McFarland v. State* (1979), 271 Ind.

105, 390 N.E.2d 989; *McDaniel v. State* (1978), 268 Ind. 380, 375 N.E.2d 228; *Barnes v. State* (1975), 263 Ind. 320, 330 N.E.2d 743.

■ Where a question of possible juror misconduct is raised, the trial court should hold a hearing to determine whether such misconduct did exist. *Barnes*, at 330 N.E.2d at 747; *Berkman v. State* (1984), Ind.App., 459 N.E.2d 44. However, a defendant seeking such a hearing must do more than present merely conclusory allegations of misconduct. Rather, such defendant first must present some specific, substantial evidence of the claimed juror misconduct. *Berkman* at 46.

■ Here, Fuquay supported his motion to correct errors with an affidavit from his attorney stating that another member of the local bar had informed him that Patton's daughter had been convicted of a drug offense. The motion also was supported by a copy of a court record showing that one Cynthia L. Patton had been convicted of possession of an illegal drug. The trial court held a hearing on the motion to correct errors where Fuquay's counsel argued that juror Patton's failure to reveal, either in his juror questionnaire or in response to voir dire questioning, his daughter's conviction, constituted such juror misconduct as to be reversible error.

According to Fuquay's counsel, had juror Patton answered truthfully, counsel would have exercised a peremptory challenge to Patton. However, neither in his affidavit, disregarding its obvious hearsay nature, nor at the hearing on his motion to correct errors, did Fuquay establish that the Cynthia L. Patton so convicted was in fact juror Patton's daughter. Thus, there was no evidence before the trial court to support Fuquay's claim of juror misconduct. Fuquay's argument that the state never denied the relationship between the juror and Cynthia L. Patton misses the mark. It was Fuquay's obligation to prove the relationship, not the state's to prove otherwise.

Having failed to establish that juror Patton was untruthful either on his juror questionnaire or in his answers on voir dire,

Fuquay has not shown reversible error on this issue.

*Issue Three*

Finally, Fuquay contends the trial court erred in refusing to permit him to cross-examine Trooper Wilkerson concerning previous drug purchases the officer had made from the confidential informant and her prior record of drug offenses. Fuquay argues he was thereby prevented from bolstering his contention that the informant was the one who had the five (5) bags of cocaine in the trooper's car, and that he never had the cocaine or sold it to Wilkerson. We disagree.

First, Fuquay testified he never had the cocaine and that the bags of cocaine were already in the car when he entered it. Based upon his own testimony, Fuquay well could have argued his contention concerning how the bags of cocaine got into Wilkerson's car. Further, the identity of the informant was revealed to Fuquay and he could have subpoenaed her and called her as a witness. Third, the informant was not a witness, and it is not proper to attempt to impeach a non-witness.

The case of *Harvey v. State* (1989), Ind., 542 N.E.2d 198, is instructive. In that case, the appellant argued he erroneously was prohibited from investigating the credibility of the informant when the court sustained the state's objection to his line of questioning. Our supreme court pointed out that the identity of the informant was known by both sides, and that the state did not rely on the testimony of the informant in making its case. The court further noted:

> "The trial judge has discretion to determine the scope of cross-examination, and only a clear abuse of that discretion warrants a reversal. (citation omitted) ... Because the State based its case on the positive identification of [the victim] of appellant as the robber and not on any information or testimony from the alleged informant, we find no abuse of trial court discretion in sustaining the State's objection on relevancy grounds."

542 N.E.2d at 200.

Here, as in *Harvey*, the state based its case on the testimony of Trooper Wilkerson. The trial court did not abuse its discretion in disallowing Fuquay's cross-examination.

Judgment affirmed.

STATON, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. The majority has concluded that Fuquay's tendered instruction regarding the jury's right to determine the law was appropriately rejected by the trial court because it is an erroneous statement of the law. I respectfully disagree. Our supreme court expressly approved an instruction almost identical to Fuquay's in *Travis v. State* (1986), Ind., 488 N.E.2d 342. In its brief, the State has conceded that Fuquay's tendered instruction is a correct statement of the law. Moreover, my review of the law in this area has led me to conclude that Fuquay's tendered instruction is a correct statement of the law. Therefore, I believe that the trial court's failure to instruct the jury regarding its right to determine the law was reversible error requiring a new trial.

Indiana Constitution Art. 1, § 19 provides:

> In all criminal cases whatever, the jury shall have the right to determine the law and the facts.

In *Schuster v. State* (1912), 178 Ind. 320, 99 N.E. 422, our supreme court stated:

> This section [Art. 1, § 19] of the Constitution declares in the broadest and most imperative terms that in all criminal cases the jury shall have the right to determine the law as well as the facts. *It is the duty of the court to instruct the jury as to the law of the case, and at the same time inform them that they are the judges of both the law and facts.* Instructions in criminal cases are not to bind the conscience of the jurors, but to enlighten their judgment.

178 Ind. at 323, 99 N.E. at 424 (emphasis added). In *Steinbarger v. State* (1948), 226 Ind. 598, 82 N.E.2d 519, our supreme court noted:

> Under this constitutional provision [Art. 1, § 19] the jury is the sole judge of both the law and the facts in the case. The courts may not usurp or infringe this fundamental right. The right may not be modified or minimized by instructions or otherwise.

226 Ind. at 603, 82 N.E.2d at 519.

The majority first relies on *Hoffa v. State* (1924), 194 Ind. 300, 142 N.E. 653. The instruction approved of by the *Hoffa* court, cited by the majority on page 156, was not the only instruction given to the jury regarding the jury's right to determine the law. The *Hoffa* court went on to hold:

> In the case at bar, the jury were plainly told in other instructions of their right to determine the law, and, that *although the court's instructions and decisions of the higher courts were entitled to great respect, they were not binding on the jury, if they determined the law otherwise.* The instruction under consideration was intended only to advise them how to determine the law, and they were informed in other instructions that this and other instructions were only advisory.

194 Ind. at 303, 142 N.E. at 653 (Emphasis added). The majority next relies on *Beavers v. State* (1957), 236 Ind. 549, 141 N.E.2d 118. The *Beavers* court concluded:

> To summarize: Although the constitution gives the jury the right to determine the law in criminal cases, it does not follow, nor is it true, that it is an 'exclusive' right. It is a coordinate right to be exercised with that of the judge or court. Neither does it follow, nor is it true, that it is totally irresponsible in determining the law, and has no duty in the exercise of that right to seek the law from the best and most reliable source available, namely the court. A jury may not cast aside such advice or instructions lightly, and should be so instructed in view of their general lack of such knowledge. A consciousness of their responsibility,

oath and duty in that respect is an aid to the proper performance of their constitutional duty. *Nevertheless upon final analysis after being so informed and cautioned the jury has the power to go its own way, and determine the law for itself when it renders a verdict.*

236 Ind. at 564, 565, 141 N.E.2d at 125 (Emphasis added). I believe that Fuquay's tendered instruction constitutes a correct statement of the law under *Hoffa* and *Beavers*.

The State concedes that Fuquay's tendered instruction is a correct statement of the law as well it should as a nearly identical instruction was approved by our supreme court in *Travis*, 488 N.E.2d 342. The *Travis* court affirmed the trial court's rejection of the instruction because its substance was contained in the following instruction given to the jury:

> You are also the finders of the law that applies to this case, being guided by the instructions given by the judge. You should, however, find both the law and the facts as they are, not as you would like them to be.

488 N.E.2d at 346.

In the present case, the State asserts that the trial court properly refused Fuquay's tendered instruction, not because it was erroneous, but because its substance was contained in the following instruction given to the jury:

> The unsworn statements or comments of counsel on either side of the case should not be considered as evidence in the case. It is your duty to determine the facts from the testimony and evidence admitted by the court and given in your presence, and determine the law from these instructions and find your verdict accordingly. You should disregard any and all information that you may derive from any other source.

I disagree with the State. I believe the only reasonable interpretation of this instruction is that it charges the jury with the duty to determine the law solely from the trial court's instructions and render its verdict accordingly. I do not believe that this instruction informs the jury of its con-

stitutional and fundamental right to determine the law in this criminal case. Moreover, I have carefully reviewed all of the trial court's instructions to the jury and have concluded that no instruction informs the jury of its right under Ind. Const., Art. 1, § 19 to determine the law.

I respectfully disagree with the majority that Fuquay's tendered instruction "is tantamount to telling the jury it could do whatever it wanted to in determining the law." (p. 156.) Fuquay's instruction advises the jury that it "should give the Court's Instructions respectful attention" and that "the instructions given are for your guidance and information and you should give the instructions such consideration and respect as to which you deem they are entitled." *Id.* I do not believe that this language is accurately interpreted as instructing the jury that it is the exclusive judge of the law. Nor do I believe this language can accurately interpreted as inviting the jury to act capriciously upon a whim or prejudice. I believe the instruction correctly informs the jury of its coordinate right, to be exercised with the trial court, to determine the law in this criminal case.

That Fuquay's instruction informs the jury that the court's instructions are not necessarily binding upon it and that the jury has the right to independently determine the law to be different from the instruction of the trial court is not objectional. Such is a correct statement of the law. *Travis,* 488 N.E.2d 342, *Beavers,* 141 N.E.2d 118, *Hoffa,* 142 N.E. 653. Similarly, that Fuquay's tendered instruction can be interpreted as permitting the jury—after respectful consideration of the trial court's instructions—"to do its own thing" and determine the law for itself is also not objectional. Such is quite simply the ultimate effect and danger of the fundamental constitutional right of the jury to determine the law in Indiana criminal cases.

Indiana Constitution, Article 1, § 19 has been the subject of a great deal of criticism. Our supreme court has substantially attenuated the right of jurys to determine the law in criminal cases under Ind. Const., Art. 1, § 19 by judicial modification. *Wy-*

*ley v. Warden* (4th Cir.1967), 372 F.2d 742. The court in *Beavers,* 136 Ind. 549, 141 N.E.2d 118, criticized Art. 1, § 19 of our Constitution noting:

Indiana and Maryland are today the sole survivors of this archaic constitutional provision that a jury may determine the law in criminal cases.

\* \* \* \* \* \*

'Indiana may claim the dubious distinction of giving the outmoded relic its widest present day application.'

236 Ind. at 556, 141 N.E.2d at 121. (Citations omitted.)

Maryland's jurists have similarly criticized the provision in its state's constitution that affords to the jury the right to determine the law in criminal cases. *Wyley,* 372 F.2d 742. These jurists have 1) called this provision, 'an anomalous situation' which 'should not be permitted to remain as a blight upon the administration of justice in Maryland;' 2) declared it to be 'archaic, outmoded and atrocious;' and 3) described the provision as the 'Constitutional thorn' in 'the flesh of Maryland's body of Criminal Law.' 372 F.2d at 745, 746. (Citations omitted.) My review of Maryland's constitution reveals that this abhorant provision plagues that state yet today.

We have a sworn duty to uphold the Indiana Constitution complete with any outmoded, archaic, and atrocious constitutional relics it may contain. Regardless of how repugnant Ind. Const., Art. 1, § 19 may be, we must uphold the attenuated, judicially modified right of Indiana juries to determine the law in criminal cases.

I agree with the majority that criminal defendants are entitled, upon tendering an appropriate instruction, to have the jury instructed regarding its right to determine the law in criminal cases as guaranteed by Ind. Const. Art. 1, § 19. Because I have concluded that Fuquay's tendered instruction regarding this right constitutes a correct statement of the law which has been expressly approved of by our supreme court, I must also conclude that the trial court has committed reversible error by failing to inform the jury of its constitu-

tional and fundamental right to judge the law in this case. Therefore, I would reverse and remand for a new trial.