Joey A. PEATE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 71S00-8811-CR-935.

Supreme Court of Indiana.

May 31, 1990.

Brian May, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Joey Peate, was convicted of robbery, Class A felony. On appeal he raises the following issues: 1) admission of co-defendant's statement; 2) admission of defendant's statement; and 3) sufficiency of the evidence.

### 1. Admission of Co-Defendant's Statement

The defendant argues that the trial court erred in admitting State's Exhibit 9, the statement of co-defendant Michael Taylor, which was given to police a few hours after the robbery. He contends the statement should not have been admitted because there was no showing that it was consistent with Taylor's in-court testimony.

A witness's out-of-court declarations are admissible if the declarant testifies regarding the relevant factual events, acknowledges having made the statement, and is available for cross-examination. *Lambert v. State* (1989), Ind., 534 N.E.2d 235; *Larry v. State* (1988), Ind., 517 N.E.2d 377. A showing of consistency is not required. A witness's subsequent denial of the truth of the matters asserted in the out-of-court statement does not mandate its exclusion from evidence. *Lambert*, 534 N.E.2d at 237.

There was no error in admitting Taylor's statement.

### 2. Admission of Defendant's Statement

The defendant next argues that the trial court erred in allowing testimony regarding his statement to Detective Dosmann. He contends that he has trouble reading and therefore had trouble reading the waiver of rights form that he signed. He urges that "[t]he State never met its burden in proving that the Defendant understood what this form was all about." (Appellant's brief, at 7.)

In reviewing a trial court's determination of the voluntariness of a waiver and statement, we look to the totality of circumstances. In doing so, we do not reweigh the evidence, but consider the evidence that supports the decision of the trier of fact where the evidence is in conflict, as well as any uncontested evidence presented by the defendant. *Dudley v. State* (1985), Ind., 480 N.E.2d 881, 899; *Hughes v. State* (1983), Ind., 453 N.E.2d 275, 277.

At the hearing on the defendant's motion to suppress, Detective Dosmann testified that he read the warning of rights section of the form to the defendant and asked the defendant to read the waiver section of the form aloud. The defendant did so, and Detective Dosmann did not recall the defendant's having any difficulty reading the section aloud. The defendant stated to the detective that he understood the warning and waiver and signed the form. Although the trial court also heard the defendant's testimony at the hearing that he could not read the waiver, there

was sufficient evidence to support the trial court's finding that the statement was given voluntarily and intelligently, especially in view of the fact that the defendant later requested an attorney, at which point Detective Dosmann ended the interview. We find no error in admitting testimony regarding the statement.

### 3. Sufficiency of Evidence

The defendant contends that the evidence was insufficient to support the jury's verdict, asserting that the evidence identifying him as the person who shot and robbed the victim was inadequate and suspect.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

In this case, the victim positively identified the defendant as the person who shot him and took his money. Co-defendant Michael Taylor also identified the defendant as the person who shot the victim and took his money. Evidence of the lighting conditions at the scene and of Michael Taylor's plea agreement and drug usage that night were before the jury and were for the jury to weigh. There was sufficient evidence to support the verdict. .

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.