Tim A. SIPRESS, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 20A03–9001–CR–2.

Court of Appeals of Indiana, Third District.

Nov. 20, 1990.

Rehearing Denied Dec. 13, 1990.

. Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Tim Sipress appeals his conviction for neglect of a dependent, a class B felony, and presents the following six issues for review:

1. Whether the evidence was sufficient to support the conviction.

2. Whether it was error to refuse to admit the statements of a defense witness who died prior to trial.

3. Whether it was error to refuse to allow Sipress to present evidence in surrebuttal.

4. Whether the instruction given to the jury regarding the presumption of innocence was in error.

5. Whether the instruction given to the jury regarding the use of prior inconsistent statements was in error.

6. Whether it was error for the trial court to force Sipress to demonstrate how the incident occurred.

Affirmed.

The gravamen of the offense charged is that on July 18, 1985, Sipress knowingly injured his three-month old daughter, Kelli Sipress (Kelli), by burning her with scalding liquid. Sipress alleged that he was boiling noodles on the stove for dinner when, in an attempt to keep the family dog away from Kelli, the dog jumped at him, causing him to accidentally spill the pot of hot liquid he was carrying. The State contended that Kelli's burns were the result of a controlled submersion in scalding liquid, rather than an accidental spill.

I.

*Sufficiency of the Evidence*

Sipress first contends that the evidence was not sufficient to support his conviction, asserting that the only evidence of guilt arose from the opinions expressed by medical personnel who treated Kelli's injuries. This is not sufficient, he submits, to allow a reasonable trier of fact to conclude he was guilty beyond a reasonable doubt.

The standard of review on a claim of insufficient evidence precludes this court from weighing evidence or judging the credibility of witnesses. *Peate v. State* (1990), Ind., 554 N.E.2d 825. Rather, we

will consider only that evidence most favorable to the State together with all reasonable inferences to be drawn therefrom, and if there is sufficient evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *McClaskey v. State* (1989), Ind., 540 N.E.2d 41.

A review of the evidence most favorable to the State indicates that on July 18, 1985, Sipress had exclusive care and control of Kelli, his dependent. It is not disputed that, while in Sipress' care, Kelli sustained severe burns to her back and buttocks from coming into contact with scalding liquid. The only issue in dispute was whether the injuries were inflicted intentionally or accidentally.

At trial, the nurse who initially attended to Kelli testified that the burned area was clearly delineated from the healthy skin, indicating that the injury was not the result of an accidental or "splash-type" injury. The second nurse to attend to Kelli indicated that the straight lines on the sides of the baby were not the result of an accidental splash. The attending physician, a specialist in emergency medicine, testified that the clear line of demarcation between the unburned skin and the burned skin indicated that the injury was caused by an immersion or a non-accidental pour. Like testimony was heard from two pediatricians, one of whom specialized in burn injuries, and a general practitioner, all of whom examined Kelli the day she was injured. The jurors reviewed photographs depicting the distinct line of demarcation between the burned and unburned skin.

Testimony also indicated that Sipress did not appear upset, nor express concern for the welfare of his child. From this evidence, a reasonable trier of fact could infer that Sipress knowingly placed Kelli in a situation which might, and in fact did, endanger her life and health.

Sipress, however, asks this court to examine the credibility of the witnesses to determine whether the circumstantial evidence was substantial enough to support the determination of guilt beyond a reasonable doubt, citing *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658. In *Gaddis*, our supreme court stated that an appellate court can undoubtedly pass on the credibility of testimony to the extent of determining whether it was substantial *as a matter of law*, *i.e.*, whether it is sufficient to induce a belief of the defendant's guilt beyond a reasonable doubt in the minds of the jurors. *Id.*

Sipress urges this court to find that the *Gaddis* case, in which the defendant's robbery conviction was overturned, is controlling in the present situation. A review of *Gaddis*, however, indicates that the two cases are factually dissimilar. The court in *Gaddis* was persuaded by the fact that the chief prosecuting witness was subjected to pressure and the threat of prison if he did not testify, as well as by the *complete lack* of circumstantial evidence in the case. *Id.*

There is no evidence of any illicit pressure placed upon the witnesses to compel them to testify in this case, and there is an abundance of circumstantial evidence disclosed by the record. Other cases cited by Sipress as support for this argument are distinguishable as well. *See Meadows v. State* (1968), 252 Ind. 1, 238 N.E.2d 281 (reversing conviction supported only by uncorroborated testimony of prosecuting witness, a formally committed mental patient); *Penn v. State* (1957), 237 Ind. 374, 146 N.E.2d 240 (reversing conviction based solely on prosecutrix's uncorroborated allegations of a consensual *menage a trois* between the prosecutrix, the defendant, and the defendant's wife).

Sipress acknowledges that a conviction may be supported on circumstantial evidence alone. *Wray v. State* (1989), Ind., 547 N.E.2d 1062. Accordingly, we find that there was sufficient evidence of probative value to support the conclusion of the trier of fact in this case.

## II.

### *Exclusion of Hearsay Evidence*

■ Sipress next alleges error in the trial court's refusal to allow him to present evidence of a conversation between a witness for the prosecution and a declarant

who died a few weeks prior to trial. Sipress contends that the conversation contained exculpatory evidence vital to his defense, and that its exclusion deprived him of his right to present evidence and cross-examine witnesses as guaranteed by the United States and Indiana Constitutions.

It is not necessary for this court to address the validity of this argument. The evidence sought to be introduced consisted of statements made by Sipress over the phone to the now-deceased declarant, who then relayed the statements to the witness testifying at trial. Thus, Sipress mischaracterizes the nature of the evidence. It is not only hearsay, but hearsay relating the self-serving hearsay declarations of the defendant which were clearly calculated to enhance his credibility. Indiana courts have generally disallowed this method of corroborating testimony. *See, e.g., Marts v. State* (1982), Ind., 432 N.E.2d 18; *Stone v. State* (1989), Ind.App., 536 N.E.2d 534, *trans. denied.*

It was not error for the trial court to exclude this evidence.

### III.

#### *Rebuttal Evidence*

Sipress' third allegation of error is that the trial court erred by refusing to allow surrebuttal following the State's presentation of rebuttal evidence. It is his contention that the excluded evidence would have exposed the bias of the State's rebuttal witness, and at the very least would have refuted some of the testimony given by the same witness.

The presentation of rebuttal evidence in a criminal case is governed by the following provision:

(2) The prosecuting attorney shall then offer the evidence in support of the prosecution and the defendant shall then offer the evidence in support of his defense.

(3) The parties may then respectively offer rebutting evidence only, unless the court, for good reason and in furtherance of justice, permits them to offer evidence upon their original case.

Ind.Code 35–37–2–2 (Burns Repl.Vol. 1985). Rebuttal evidence is limited to that which tends to explain, contradict, or disprove evidence offered by the adverse party. *Stewart v. State* (1988), Ind., 531 N.E.2d 1146. The scope of rebuttal is committed to the sound discretion of the trial court, and consequently, we will reverse only upon a showing that the trial court abused its discretion. *Smith v. State* (1990), Ind., 553 N.E.2d 832.

At the close of the defendant's case in chief, the State called a child welfare worker to rebut the testimony of Carrie Collins, girlfriend of Sipress and mother of Kelli, who denied that Sipress had physically abused her during their relationship. Sipress then sought to put Carrie back on the stand to reiterate her earlier testimony denying the claims of abuse. The court refused to allow Carrie to testify again, noting that the State's rebuttal witness testified solely for the purpose of exposing Carrie's prior inconsistent statement.

In his offer to prove, Sipress indicated Carrie's surrebuttal testimony would expose the bias of the state's witness, and contradict some of the testimony given on rebuttal. Sipress neglects to add that Carrie had already testified to much of the evidence sought to be introduced on surrebuttal, and the issue of bias was already before the jury from the testimony of the welfare worker. Thus, the proffered evidence would have been of minimal value because it was cumulative of earlier testimony. *See Shields v. State* (1986), Ind., 490 N.E.2d 292, *reh'g denied* 493 N.E.2d 460 (no abuse of discretion for court to decline request for surrebuttal where proffered evidence was cumulative of testimony given on case in chief).

Accordingly, the trial court did not abuse its discretion by refusing Sipress' proffered surrebuttal evidence.

### IV.

#### *Instruction on Prior Inconsistent Statements*

Sipress next argues that the trial court erred giving jury Instruction No. 23,

claiming the instruction contains an erroneous statement of the law. Sipress failed to challenge the instruction in the proceeding below, but now invokes the fundamental error doctrine so that this court may address his argument on the merits.

Fundamental error is generally considered to be error which is a clear, blatant violation of elementary principles of law, and the resulting harm or potential for harm must be substantial. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, *reh'g denied.* Such egregious error may be decided by an appellate court because of its fundamental nature. *Id.* To determine whether fundamental error has occurred, the reviewing court must first consider the character of the error and its effect on the trial as a whole. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068, *reh'g denied.* Second, the errors complained of must be the result of mistake or misconduct by the trial judge in the exercise of his affirmative duties. *Thomas v. State* (1982), Ind.App., 442 N.E.2d 700.

The instruction at issue reads:

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement inconsistent with his testimony in this case. It is inconsistent if the witness denied making the prior statement or if the witness could not remember making the prior statement. Evidence of this kind may be considered by you in deciding the weight to be given to the testimony of that witness as well as substantive evidence of the guilt of the defendant.

This instruction is modeled after Indiana's pattern jury instructions, number 12.17. Sipress maintains that the instruction as given required the jury to consider prior inconsistent statements as substantive evidence of the defendant's guilt *only.* A review of the instruction, however, does not lead us to that conclusion. The instruction plainly states that the prior inconsistent statement may be considered in deciding the weight to be given to the testimony of the witness *as well as* substantive evidence of the defendant's guilt.

Furthermore, an identical instruction was approved by our supreme court in *Limp v. State* (1982), Ind., 431 N.E.2d 784, 787, *aff'd* 457 N.E.2d 189 (objected to on different grounds). Contrary to Sipress' contention that there is an important distinction between the instruction given in this case and the instruction given in *Limp*, a review of the two instructions reveals that no distinction exists whatsoever. The trial court did not err giving this instruction.

## V.

### *Instruction on the Presumption of Innocence*

■ Sipress also contends that the trial court gave an erroneous statement of the law in the following preliminary instruction:

The rule of law that throws around the defendant the presumption of innocence and requires the State to establish beyond a reasonable doubt, every material fact averred in the indictment is not intended to shield those who are actually guilty from just and merited punishment; but it is a humane provision of law which is intended for the protection of the innocent, and to guard, as far as human agencies can, against the conviction of those that are innocent and unjustly accused of crime.

Sipress argues that a juror could reasonably infer that the presumption of innocence applies only to innocent defendants, and not those who are "actually guilty." Although we agree that the wording of the instruction could be improved to advise jurors that all defendants are clothed with the presumption of innocence, this particular instruction has been approved by our supreme court in *Heald v. State* (1986), Ind., 492 N.E.2d 671, *reh'g denied. See also Rogers v. State* (1989), Ind., 537 N.E.2d 481, *reh'g denied.*

Furthermore, the court gave additional instructions concerning the presumption of innocence in Preliminary Instructions Nos. 6 and 7, and in Final Instruction No. 19. Considering the instructions as a whole, there can be no question that the jury was

impressed with the importance of maintaining the belief in the defendant's innocence until the State met its burden of proof. *See Rogers, supra,* at 486. The trial court did not err in this respect.

## VI.

### *The In-Court Demonstration*

■ As his last allegation of error, Sipress asserts that the court abused its discretion by forcing him to demonstrate how Kelli's injuries were caused, after Sipress testified he could not duplicate the incident. The demonstration he was forced to perform in his trial was conducted in an abusive manner, he posits, which ultimately misled the jury and resulted in prejudice.

A review of the record indicates no such abuse. On direct, Sipress testified that he was holding a kettle full of hot water when, in an attempt to push the family dog away from Kelli, water from the kettle burned his hand, causing him to spill the scalding water onto his daughter. On cross-examination, the State asked Sipress to stand up and demonstrate how the incident occurred.

It is well within the trial court's discretion to permit a physical demonstration in the courtroom. *Partlow v. State* (1983), Ind., 453 N.E.2d 259, *cert. denied* 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 219. Here, the fact that the State wished to prove that Kelli's injuries were the result of Sipress' intentional actions, rather than an accident, was clearly a factor in allowing the demonstration to take place. That Sipress had difficulty re-creating the incident merely went to his credibility as a witness. The trial court did not abuse its discretion in requiring the demonstration.

Affirmed.

HOFFMAN and SHIELDS, P.JJ., concur.