John L. THOMPSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9011–CR–675.

Court of Appeals of Indiana,
Second District.

Sept. 23, 1991.

Brent Westerfeld, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

John L. Thompson appeals his convictions of rape, a class B felony[1], and child molesting, a class D felony.[2]

We affirm.

1. IC 35–42–4–1 (1988).

2. IC 35–42–4–3(d) (1988).

## ISSUE
Whether the trial court erroneously instructed the jury.

## DISCUSSION
Although Thompson failed to object to the instructions at trial to preserve the alleged errors for appeal as required by Ind.Criminal Rule 8(B), we consider allegations of fundamental error absent timely objections. *See Sipress v. State* (1990), Ind.App., 562 N.E.2d 758. Fundamental error is error that if not corrected would deny a defendant fundamental due process. *Morgan v. State* (1989), Ind., 544 N.E.2d 143.

### I.
■ Thompson claims the trial court committed fundamental error in giving State's Instruction No. 8. Thompson asserts the instruction misstates Indiana law and violates his right of due process and his right of trial by jury under the United States and Indiana Constitutions. The instruction reads:

> The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with his testimony in this case. It is inconsistent if the witness denied making the prior statement or if the witness could not remember making the prior statement. Evidence of this kind may be considered by you in deciding the weight to be given to the testimony of that witness as well as substantial evidence of guilt of the defendant.

Record at 715.[3]

Thompson argues the instruction violates Indiana law because it uses the word "substantial" rather than "substantive" in advising the fact finder how it may use inconsistent statements or inconsistent acts of a witness. Thompson acknowledges the instruction is similar to the instruction ap-

3. This instruction appeared as instruction *12.17 in Indiana Pattern Jury Instructions (Criminal)* (1980); the language in question now appears in instructions 12.19 and 12.21 in *Indiana Pattern Jury Instructions (Criminal)* (2nd ed. 1991).

proved in *Limp v. State* (1982), Ind., 431 N.E.2d 784 but claims the use of the word "substantial" here, instead of "substantive" as in *Limp*, distinguishes the two cases. He also acknowledges this same instruction was held not to constitute fundamental error in *State v. Willis* (1990), Ind.App., 552 N.E.2d 512, but claims the decision in *Willis* is limited to Willis's claim the instruction chilled Willis's right of confrontation. In *Willis* this court concluded that while the words "substantive" and "substantial" have different meanings, giving the instruction in question to the jury did not constitute fundamental error.

Citing Black's Law Dictionary, Thompson defines substantive evidence as evidence "adduced for the purpose of proving a fact in issue, as opposed to evidence given for the purpose of discrediting a witness (i.e., showing that he is unworthy of belief), or of corroborating his testimony" and substantial evidence as "evidence that a reasonable mind might accept as adequate to support a conclusion." BLACK'S LAW DICTIONARY 1281 (5th ed. 1979). Thus, Thompson argues the instruction improperly allowed the jury to consider a witness's prior inconsistent statements as sufficient evidence to support the conclusion he was guilty.

The jury is composed of lay persons; therefore, we consider the plain and ordinary, i.e., non-legal, meaning of the word "substantial." From that perspective we conclude the words "substantive" and "substantial" are interchangeable. Webster's New World Dictionary reports the preferred meaning of "substantive" as "existing independently; ... of considerable amount or quantity; substantial; ... actual," and reports the primary and secondary preferred meaning of "substantial" as "of or having substance; real; actual; true; not imaginary". WEBSTER'S NEW WORLD DICTIONARY 1336 (3rd College ed. 1988).

Thus, the instruction advised the jury that prior inconsistent statements or prior inconsistent acts of a witness could be considered by the jury in determining the weight to be accorded the testimony of that evidence and as having substance or as real, actual, true, and not imaginary, evidence of the defendant's guilt. In this context, the use of the term "substantial" did not prejudice Thompson; the jury was merely informed the evidence of prior inconsistent statements or prior inconsistent acts could be considered as substantive, i.e., independent, real, actual evidence of guilt.

■ Also, contrary to Thompson's contention, the instruction's failure to distinguish between prior inconsistent statements or acts of a witness as opposed to the defendant does not rise to the level of fundamental error. Thompson does not point to evidence of any prior inconsistent statements or prior inconsistent acts, other than his, that was admitted. Therefore, Thompson could not have been harmed by the jury considering evidence of another witness's prior inconsistent statements or prior inconsistent acts as evidence of Thompson's guilt.

■ Thompson argues the instruction violates due process because it creates an unconstitutional permissive presumption that evidence of prior inconsistent statements of witnesses, standing alone, may support the finding the defendant is guilty. This argument is without merit. The instruction explained to the jury how it might consider certain evidence presented at trial; it did not create an inference. It certainly does not create "an improper permissive inference or presumption" as Thompson claims.

■ Similarly, Thompson's argument the instruction violates his right to trial by jury because it intrudes upon the province of the jury to determine the weight of the evidence and to determine the law and the facts must fail. Again, the instruction merely explains how the jury might consider certain evidence. Furthermore, the jurors were advised in another instruction that they were the sole judges of the evidence and the credibility of witnesses.

The trial court did not commit fundamental error in giving State's Instruction No. 8.

## II.

Thompson also argues the trial court committed fundamental error in giving the Court's Final Instruction No. 12 because the instruction violates his right of due process. The instruction reads:

> While a defendant is presumed in law to be innocent, until the contrary is established by the evidence to that degree of certainty that you as jurors are convinced of his guilty [sic] beyond a reasonable doubt, such rule of law which presumes the defendant to be innocent and requires proof beyond a reasonable doubt is not intended to shield those who are actually guilty from just and merited punishment. Rather it is a humane provision of the law which is intended for the protection of the innocent and to guard as far as human agencies can against the conviction of those who are innocent and unjustly accused.

Record at 711.

Thompson argues the language in the instruction, "such rule of law which presumes the defendant to be innocent and requires proof beyond a reasonable doubt is not intended to shield those who are actually guilty from just and merited punishment," violates "the fundamental principle that the guilt of the defendant must be proven beyond a reasonable doubt and that he is presumed innocent, regardless of whether he is actually guilty." Appellant's Brief at 24. Thompson acknowledges similar instructions were approved in *Heald v. State* (1986), Ind., 492 N.E.2d 671 and *Green v. State* (1984), Ind., 461 N.E.2d 108 but submits his argument, that the jury might understand the questioned language, "so as to interfere with these fundamental rights," was not considered in either *Heald* or *Green.* In fact, Thompson's argument was rejected by this court in *Sipress v. State* (1990), Ind.App., 562 N.E.2d 758. Therefore, the instruction does not violate Thompson's right of due process. In addition, the court gave other instructions concerning Thompson's presumption of innocence and the State's burden of proof. Considering the instructions as a whole, the jury was adequately instructed as to these principles. *White v. State* (1989), Ind., 547 N.E.2d 831.

The trial court did not err in giving the Court's Final Instruction No. 12.

Judgment affirmed.

BUCHANAN, J., concurs.

STATON, J., concurs, with separate concurring opinion.

STATON, Judge, concurring.

I concur. In the appeal before us and in *State v. Willis* (1990) Ind.App., 552 N.E.2d 512, *trans. denied,* the word "substantial" was used as an adjective. In *Willis,* this court cited the Indiana Supreme Court in *Smith v. State* (1986), Ind., 490 N.E.2d 300, 303 and pointed out that the Supreme Court found "no merit to this argument." When "substantial" and "substantive" are used as adjectives they are synonymous. In *Willis,* this court suggested that when these words are used as nouns, they may have a different meaning. In *A Dictionary of Contemporary American Usage,* the following explanation is helpful:

> *substantial; substantive.* As adjectives these words are synonymous in the senses of belonging to the real nature or essential part of a thing, being real or actual, as opposed to the transitory or apparent. Each has, in addition, some exclusive senses. As a noun *substantive* may mean a noun or any other word functioning as a noun. Or as an adjective it may mean independent, not to be inferred but itself explicitly and formally expressed (*The Queen, by a substantive enactment, declared her governorship of the Church*). *Substantial,* as an adjective, has the exclusive meanings of strong, stout, or solid (*It was a good substantial rope and could be relied on*), moderately wealthy or well-to-do (*Substantial citizens did not look with favor upon these suggestions since they would necessarily mean an increase in taxes*), real or true in the main, or considerable amount (*He found substantial happiness in work. There is a substantial profit to be made in these transactions but only if they are well*

*managed* ), or vital, important (*A substantial objection to the measure proposed is that it will offend the local clergy* ).

*Evans and Evans, A Dictionary of Contemporary American Usage*, 487 (1957).

"Substantial evidence" is a term that cannot be defined definitely, and whether evidence in a particular case amounts to substantiality is a question of law on appeal which must be determined from facts of each case as it arises. *Mississippi Public Service Commission v. U.S.* (S.D.Miss. 1954) 124 F.Supp. 809, 814–15. For example, "substantial evidence" is that which requires a guilty verdict to be affirmed on appeal. It is evidence from which the jury could reasonably find the issue of guilt in harmony. *State v. Shilling* (1948), Mo. App., 212 S.W.2d 96, 99.

What a juror considers "substantial evidence" in a particular case may be a subjective adventure without end. As the term is used in the instruction here—as an adjective, it is synonymous with substantive. As the Indiana Supreme Court pointed out in *Smith:* "We see no merit to this argument."