**Charles BURTON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9110–CR–337.

Court of Appeals of Indiana,
Fourth District.

April 29, 1992.

Nancy L. Broyles, McClure McClure & Kammen, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., and Lisa M. Paunicka, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Charles Burton, appeals from his convictions for Dealing in Cocaine (class A felony) and Conspiracy to Commit Dealing in Cocaine (class A felony). We affirm.

### Issue

Was the evidence sufficient to support the convictions?

### Facts and Procedural History

On November 16, 1989, the Marion County Prosecutor's Office filed an Information, which charged Defendant with Dealing in Cocaine and Conspiracy to Commit Dealing in Cocaine.

At the bench trial on March 18, 1991, the State called forensic chemist Robert McCurdy, who testified the cocaine weighed 3.03 grams. On cross-examination, McCurdy indicated that .03 of a gram is a very small amount; that the cocaine was weighed on a Metler Electronic Balance Scale; that the scale is calibrated "on a monthly basis," usually on the first of the month; that the cocaine in this case was weighed on June 13, 1989; and that it was possible the scale could have "been off by the weight of several grains [of cocaine, *not* grams]" since last calibrated. The trial court found Defendant guilty as charged.

### Discussion and Decision

Defendant argues that "[t]here was insufficient evidence to support the judgments of conviction." In particular, he contends "the evidence was insufficient to establish beyond a reasonable doubt that the amount of cocaine was greater than three grams." We disagree.

We first note that a court reviewing the sufficiency of the evidence will neither re-

weigh the evidence nor judge the credibility of witnesses. We consider only the evidence most favorable to the verdict, together with all reasonable inferences to be drawn therefrom, and if there is evidence of probative value to support the verdict, it will not be disturbed. *Peate v. State* (1990), Ind., 554 N.E.2d 825, 827.

Here, the chemist's testimony that the cocaine weighed 3.03 grams was sufficient to support the convictions. The testimony concerning the accuracy of the scale does not render the evidence insufficient; rather, it goes to the weight of the evidence. Of course, we will not reweigh the evidence on appeal. *Id.* While we have not found any of our own case law directly on point, an instructive case is *Olson v. State* (1983), 166 Ga.App. 104, 303 S.E.2d 309. There, the Georgia Court of Appeals stated "[a]ny evidence relating to the reliability of the scale used to weigh the marijuana, which was brought out on cross-examination, went solely to the weight and credibility of [the] testimony, and was a matter for the jury." 303 S.E.2d at 314. In other words, the accuracy of the scale is to be determined by the trier of fact, which in our case was the trial court because it was a bench trial.

*Affirmed.*

CONOVER and HOFFMAN, JJ., concur.