NATHAN RAYMOND KOONCE *v.* STATE OF INDIANA.

[No. 1172S156. Filed February 24, 1975. Rehearing denied April 29, 1975.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Larry A. Landis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell W. Sims,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Defendant has taken this Belated Appeal from his conviction by a jury for the crime of Second Degree Murder. The Defendant's wife was murdered November 14, 1969, in Hammond. Four persons testified that on the night of the murder the Defendant forced them at gunpoint to drive him to Henderson, Kentucky, and that during the trip the Defendant repeatedly said he had shot and killed his wife. Defendant was arrested at Henderson in his father's home. In the room where Defendant was found a .25 caliber pistol was recovered. A firearm's expert testified that the

bullet taken from the body of the Defendant's wife was fired from that gun.

The first issue which Defendant raises is the admissibility of a conversation he had with Hammond police officers wherein he admitted being in the presence of his wife at the time and place of the killing. We need not consider the constitutional question of whether or not the Defendant was properly advised of his *Miranda* rights. The conversation admitted into evidence did not contribute to the verdict. The introduction of evidence which is merely cumulative and not decisive of guilt is not prejudicial error. *Mitchell* v. *State*, (1972) 259 Ind. 418, 287 N.E.2d 860; *Grimes* v. *State*, (1972) 258 Ind. 257, 280 N.E.2d 575; *Jackson* v. *State*, (1971) 257 Ind. 589, 275 N.E.2d 538. Defendant's well-prepared argument on this point concludes as follows:

> "A statement by the defendant that he was with the deceased at a time reasonably contemporaneous with the discovery of her body, that they were arguing, that she started to get out of the car, that he reached for her, and that was the last thing he could remember, certainly must have had a prejudicial impact on the minds of the jury and must have eliminated doubt as to the defendant's guilt."

These admissions made in a statement to the police were undoubtedly prejudicial. However, the statement was merely cumulative evidence in view of the testimony of the four witnesses detailing defendant's admission of the murder to them while en route to Kentucky. Therefore, the state has met its burden of showing that the defendant was not prejudiced by the alleged error. *Chapman* v. *California*, (1967) 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705; *Dickerson* v. *State*, (1972) 257 Ind. 689, 276 N.E.2d 845; *Harris* v. *State*, (1968) 249 Ind. 681, 231 N.E.2d 800.

Defendant's other claim is that the failure of his trial counsel to object to an instruction which disparaged the

defense of insanity is proof of incompetent representation because *two years later* that sort of instruction was held *no longer* proper. *Dipert* v. *State,* (1972) 259 Ind. 260, 286 N.E.2d 405. Obviously, the failure of a trial attorney to anticipate subsequent appellate rulings does not constitute the "mockery of justice" which is the threshold of incompetent representation. *Payne* v. *State,* (1973) 261 Ind. 221, 301 N.E.2d 514; *Hoskins* v. *State,* (1973) 261 Ind. 291, 302 N.E.2d 499. A defendant has a right to competent counsel but not a right to representation by a genius or soothsayer.

Finding no error, we affirm the judgment of the trial court.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 323 N.E.2d 219.