EDDIE LEE FRASIER *v.* STATE OF INDIANA.

[No. 876S270. Filed September 9, 1977.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an Appeal from the denial of Post-Conviction Relief. The defendant (petitioner-appellant) was convicted by jury on January 31, 1973, of Armed Felony (Robbery). His direct appeal to this Court resulted in an affirmance of the trial court's judgment. (Ref. 262 Ind. 59, 312 N.E.2d 77).

This appeal seeks review of six issues:

(1) Legality of a search.

(2) Correctness of the trial court's rulings admitting certain evidence over objections.

(3) Correctness of the trial court's ruling permitting the State to reopen its case, after resting, to present additional evidence.

(4) Correctness of the trial court's ruling denying a motion for mistrial predicated upon an alleged misconduct of the bailiff.

(5) Competence of Defendant's appellate counsel.

(6) Propriety of a preliminary instruction to the jury advising that a defendant could testify or not, as he chose, and

that if the defendant chose not to testify, no presumption or inference should be drawn therefrom.

## ISSUES I, II, III, and IV

The defendant's arguments upon issues I through IV are mere arguments denying the correctness of the decision of this Court rendered upon the direct appeal. Each point was presented and determined, albeit erroneously in Defendant's view, in the direct appeal. These issues were not reviewable in the post-conviction proceedings. As we said in *Layton* v. *State,* (1974) 261 Ind. 567, 307 N.E.2d 477 "* * * the same issue, although differently assigned, was reviewed and determined upon the defendant's direct appeal and is therefore res judicata."

## ISSUES V and VI

Issues V and VI must be combined. The matter of the propriety of the instruction, if questionable, should have been presented upon the direct appeal. There was, in fact, an attempt to present the issue upon direct appeal, but the presentation was not in conformity with our appellate rules and for that reason we declined to consider it and deemed it to have been waived. The defendant here acknowledges that the issue was waived but asserts that such waiver is not chargeable to him, in that he was incompetently and ineffectively represented upon the appeal—citing the waiver as an apparent oversight. This issue has no merit and may most easily be disposed of by pointing out to counsel that *Gross* v. *State,* (1974) 261 Ind. 489, 306 N.E.2d 371, upon which he relies as authority for holding the instruction to have been erroneously given, was a case of first impression in Indiana, upon an issue concerning which courts were evenly divided, and our opinion therein was not filed until January 28, 1974—one year subsequent to the defendant's trial and seventeen days subsequent to the filing of the appellant's

initial brief. In this era of vigorous consumer protection against professional errors, it is to be hoped, most earnestly, that the level of professional competence will rise. We believe, however, that a crystal ball ability to foretell our rulings should not become the standard. Counsel's statements that we had "just reversed" a similar case is incorrect and exceeds the bounds of vigorous advocacy. In *Koonce* v. *State*, (1975) 263 Ind. 5, 323 N.E.2d 219, which opinion was filed one month prior to the filing of the petition for post-conviction relief, we said "Obviously, the failure of a trial attorney to anticipate subsequent appellate rulings does not constitute the 'mockery of justice' which is the threshold of incompetent representation.", citing *Payne* v. *State*, (1973) 261 Ind. 221, 301 N.E.2d 514; *Hoskins* v. *State*, (1973) 261 Ind. 291, 302 N.E.2d 499.

Additionally, the instruction found to have been objectionable in *Gross* v. *State, supra,* was a final instruction. Without deciding the question, it is immediately apparent that the reasoning of that case may not be applicable with respect to a preliminary instruction covering the same legal principle.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J., Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 366 N.E.2d 1166.