**Abe MORRIS, III, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 184S21.**

Supreme Court of Indiana.

July 24, 1984.

Arnold Paul Baratz, Indianapolis, for appellant.

Linley Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This is an appeal from the Marion Superior Court's denial of post-conviction relief. Appellant-petitioner Abe Morris, III, was found guilty by a jury in 1978 of confinement, deviate conduct, rape and robbery. He was sentenced to concurrent imprisonment terms of twenty years for confinement, fifty years for deviate conduct, fifty years for rape and twenty years for robbery. This Court affirmed Petitioner's convictions in *Morris v. State,* (1980) Ind., 409 N.E.2d 608.

Petitioner filed this petition for post-conviction relief *pro se* on November 18, 1981, alleging that he was denied effective assistance of counsel. The trial court held an evidentiary hearing on October 1, 1982, and subsequently denied the petition. Included in the trial court's findings and conclusions was the conclusion that: *"Res judicata* would apply to most of the issues raised by Petitioner, in that these same issues were presented to the Indiana Supreme Court in the appeal of this case."

The trial court's conclusion was correct since petitioner raised the ineffectiveness of his counsel as an issue in his direct appeal and also outlined several examples of the alleged ineffectiveness. Notwithstanding the fact that petitioner gave several additional examples of his counsel's alleged ineffectiveness during the post-conviction hearing, a consideration of the ineffectiveness issue would constitute review of an issue already decided on direct appeal. The additional examples of alleged ineffective representation raised in the instant appeal were available to petitioner when he filed his direct appeal with this Court and the general rule provides that issues not raised but available to a defendant in his original appeal cannot be considered in subsequent post-conviction proceedings. *Richardson v. State,* (1982) Ind., 439 N.E.2d 610; *Kennedy v. State,* (1979) 271 Ind. 382, 393 N.E.2d 139, *cert. denied,* (1980) 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 734, *reh. denied,* 444 U.S. 1104, 100 S.Ct. 1074, 62 L.Ed.2d 791; *Frasier v. State,* (1977) 267 Ind. 24, 366 N.E.2d 1166. Accordingly, there is nothing for this Court to review in this appeal and the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.