**Larry L. CRAIG, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 49A02–0301–PC–45.**

Court of Appeals of Indiana.

March 2, 2004.

Larry L. Craig, Pendleton, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

SULLIVAN, Judge.

Appellant, Larry Craig, challenges the post-conviction court's denial of his petition for post-conviction relief. Upon appeal, Craig presents one issue for our review, whether the post-conviction court erred in concluding that Craig's post-conviction claim of ineffective assistance of trial counsel was barred by res judicata.

We affirm.

On March 27, 1991, Craig was charged with Murder. Following a jury trial, Craig was convicted of the lesser-included offense of voluntary manslaughter, a Class A felony, and thereafter sentenced to thirty years imprisonment. Upon direct appeal of his conviction, Craig's sole argument was that his trial counsel was ineffective for failing to object to the jury instruction defining the crime of voluntary manslaughter. In an unpublished memorandum decision, a panel of this court agreed that the instruction was an incorrect statement of the law but nevertheless rejected Craig's claim, concluding that

Craig had failed to establish prejudice from his trial counsel's performance. *Craig v. State,* 49A02–9305–CR–207, slip op. at 4, 639 N.E.2d 1059 (Ind.Ct.App. Aug. 29, 1994). The court thus affirmed Craig's conviction and sentence.

On November 15, 1994, Craig filed a pro se petition for post-conviction relief, which was withdrawn without prejudice on September 21, 2001. On October 22, 2001, Craig filed another petition for post-conviction relief, asserting, among other things, four new grounds of ineffective assistance of trial counsel. The post-conviction court held a hearing on Craig's petition on September 18, 2002. On November 18, 2002, the post-conviction court entered its findings of fact and conclusions of law denying Craig's petition for post-conviction relief. Regarding Craig's claim of ineffective assistance of trial counsel, the post-conviction court concluded Craig was not entitled to review of such claim because it was barred by res judicata.

■ Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentence by filing a post-conviction petition. Ind. Post–Conviction Rule 1(1). Post-conviction proceedings, however, do not afford a petitioner with a super-appeal. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind.2001), *cert. denied,* 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002). Rather, post-conviction proceedings provide defendants the opportunity to present issues which were not known at the time of the original trial or that were not available upon direct appeal. *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind.2000), *cert. denied,* 534 U.S. 1164, 122 S.Ct. 1178, 152 L.Ed.2d 120 (2002). As a general rule, if an issue was known and available, but not presented upon direct appeal, it is waived. *Timberlake,* 753 N.E.2d at 597. If it was presented upon direct appeal, but decided adversely, it is res judicata. *Id.*

■ The petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Timberlake,* 753 N.E.2d at 597. Because he is now appealing from a negative judgment, to the extent the appeal turns on factual issues, the petitioner must convince this court that the evidence as a whole unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision. *Id.*

Upon appeal, Craig contends that he was denied due process in violation of the Fourteenth Amendment to the United States Constitution when the post-conviction court concluded that his claim of ineffective assistance of trial counsel was barred by the doctrine of res judicata. The law at the time of his direct appeal and in subsequent years was that, if a claim of ineffective assistance of trial counsel was known and available at the time of direct appeal, it was required to be presented upon direct appeal or would be waived.[1] *See Johnson v. State,* 502 N.E.2d 90 (Ind.1986); *Moore v. State,* 649 N.E.2d 686 (Ind.Ct.App.1995) (noting that, as a general rule, ineffective assistance of counsel is an issue known and available at the time of direct appeal), *trans. denied.* When a defendant chose to present such claim upon direct appeal, he was required to present all issues relating to that claim. *See Morris v. State,* 466 N.E.2d 13, 14 (Ind.1984).

---

1. This rule was applicable only if the defendant was represented by different counsel upon direct appeal. In the present case, Craig was represented by different counsel upon direct appeal of his conviction.

Years after Craig's direct appeal, our Supreme Court, in *Woods v. State*, 701 N.E.2d 1208 (Ind.1998), *cert. denied* 528 U.S. 861, 120 S.Ct. 150, 145 L.Ed.2d 128 (1999), resolved the issue of waiver of ineffective assistance of trial counsel claims. In that case, the Court recognized three forms of ineffective assistance of counsel claims—those that can be evaluated on the face of the trial record (record-based), those that are not apparent from the record or require additional record development to assess the claimed error, and those which are based upon the record, but whose evaluation requires a showing to rebut the presumption of counsel competence. *Id.* at 1211–12. The Court recognized that with record-based claims, direct appeal may be more appropriate because it permits more expeditious review of claims and fosters a considerable social interest in the finality of criminal proceedings. *Id.* at 1219. Regarding the second two forms of ineffectiveness claims, the Court noted that additional record development is often necessary to evaluate such claims. The Court recognized that further development of the record is generally not appropriate upon direct appeal and may place an unfair burden upon appellate counsel. After considering various alternatives, the Court concluded that post-conviction proceedings provided the best opportunity to present certain ineffectiveness claims. Precisely because of the varying forms ineffective assistance claims can take, the court concluded that ineffective assistance may be presented upon direct appeal, but if it is not, it may be presented for the first time in post-conviction proceedings irrespective of the nature of the issues claimed. *Id.* at 1216.

The Court, however, also noted that a well-established general proposition of post-conviction review is that issues which were presented on direct appeal are not available in post-conviction proceedings.

*Id.* at 1213. The Court further noted that relying upon this rule, reviewing courts have repeatedly held that if a defendant presents a claim of ineffectiveness upon direct appeal, he is foreclosed from subsequently relitigating that claim, even if based upon different grounds. *Id.* at 1215. *See also Bieghler v. State*, 690 N.E.2d 188 (Ind.1997), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998); *Sawyer v. State*, 679 N.E.2d 1328 (Ind.1997); *Morris v. State*, 466 N.E.2d 13 (Ind.1984).

■ Craig claims that at the time of his direct appeal, his appellate counsel was faced with a "Hobson's choice," that is, an apparently free choice where there is no real alternative. Essentially, Craig claims that during his direct appeal, the fear of forfeiture of his ineffectiveness claim resulted in his inability to present other non-record-based claims which required further record development more appropriately presented during post-conviction proceedings. Craig therefore urges this court to reconsider the rule that res judicata acts as a complete bar to collateral review of ineffective assistance claims where his claim upon direct appeal was reviewable based upon the record and the claims he now wishes to present are better suited for post-conviction review.

Upon his direct appeal, Craig's claim of ineffective assistance of counsel was based upon his counsel's failure to object to an instruction, an error which could be evaluated from the face of the record. In his petition for post-conviction relief, Craig argued, among other things, that his trial counsel was ineffective because he (1) failed to object to a flight instruction, (2) failed to request an instruction on the lesser-included offense of reckless homicide, (3) failed to use available evidence to impeach the State's witnesses and to support

his claim of self-defense, and (4) failed to adequately question the investigating detective about his conversation with Craig.[2]

In *Ben–Yisrayl, supra,* and *McCary v. State,* 761 N.E.2d 389 (Ind.2002), *reh'g denied,* defendants sought to bring post-conviction claims of ineffective assistance of trial counsel. In both cases, however, the defendants had already presented ineffectiveness claims upon their direct appeals. Like the procedural posture of Craig's claim, the direct appeals in both cases were brought prior to our Supreme Court's pronouncement in *Woods* and their post-conviction petitions came after *Woods* was decided. Nevertheless, our Supreme Court concluded in both *Ben–Yisrayl* and *McCary* that their post-conviction claims of ineffective assistance of trial counsel were barred by res judicata. 738 N.E.2d at 259–60; 761 N.E.2d at 392.

While we understand the predicament regarding ineffectiveness claims with which appellate counsel was faced prior to *Woods,* the law has always been that claims which were presented upon direct appeal are foreclosed from collateral review. Indeed, the Court in *Woods* recognized such. Because Craig presented, and this court considered and rejected, a claim of ineffective assistance of trial counsel upon Craig's direct appeal, the doctrine of res judicata barred Craig from relitigating this issue in post-conviction proceedings. We are bound by the holdings of our Supreme Court and therefore we conclude that the post-conviction court did not err when it concluded that he was not entitled to review of his post-conviction claim of ineffective assistance of trial counsel.

The judgment of the post-conviction court is affirmed.

ROBB, J., and HOFFMAN, Sr. J., concur.

---

2. We note that the first two claims are record-based claims and thus could have been evaluated based upon the trial record. The third and fourth claims were not based upon the record and would likely have necessitated further record development to have been successful.