**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 26 2012, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JONATHAN O. CHENOWETH**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RANDY G. COBB,                )
                             )
    Appellant-Petitioner,     )
                             )
        vs.              )    No. 20A04-1203-PC-117
                             )
STATE OF INDIANA,            )
                             )
    Appellee-Respondent.      )

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1012-PC-25

**September 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Randy Cobb appeals the denial of his petition for post-conviction relief. His sole contention is that he received ineffective assistance of counsel at trial because his attorney failed to object to the court's Final Instruction 19, which he contends contained an impermissible *Allen* charge.[1]

Cobb appeals from a negative judgment, and, to the extent his appeal turns on factual issues, he must convince this Court that the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *See Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). Thus, we will disturb the decision of the post-conviction court only if the evidence is without conflict and leads only to a conclusion contrary to the result of the post-conviction court. *Id.* To establish his claim, Cobb must show both that counsel's performance fell below an objective standard of reasonableness and that but for the error there was a reasonable probability the result of the proceeding would have been different. *See Johnson v. State*, 832 N.E.2d 985, 996 (Ind. Ct. App. 2005), *trans. denied*.

> The questioned portion of the instruction read as follows:
>
> If you should fail to reach a decision, this case will be left open and undecided. Like all cases it must be disposed of at some time. Another trial would be a heavy burden on both sides.
>
> There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

---

[1] *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154, 41 L. Ed. 528 (1896).

> There is no reason to believe that the case would ever be submitted to twelve people more intelligent, more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

Direct Appeal App. p. 141. In support of his argument, Cobb relies on *Parish v. State*, 838 N.E.2d 495 (Ind. Ct. App. 2005). In that case this Court found that identical language in a final instruction, together with inadequate preparation of counsel, constituted ineffective assistance of counsel. *Id. at* 503.[2] We have long held, however, that an attorney does not provide ineffective assistance for failing to anticipate a future change in the law. *Frasier v. State*, 267 Ind. 24, 366 N.E.2d 1166, 1167 (1977); *Moore v. State*, 872 N.E.2d 617, 623-24 (Ind. Ct. App. 2007), *trans. denied*; *Shaffer v. State*, 674 N.E.2d 1, 7 (Ind. Ct. App. 1996), *trans. denied.*

Here, Cobb was tried and convicted in June 2005. *Parish* was decided December 6, 2005, some six months later. At the time of Cobb's trial, the controlling precedent was stated in *Broadus v. State*, 487 N.E.2d 1298, 1303-04 (Ind. 1986). There, the Court found that an instruction, closely similar to Final Instruction 19, that was given as a part of the final instructions rather than after the jury had indicated a deadlock, was harmless error. It follows, therefore, that the assistance of Cobb's counsel did not fall below an objective standard of reasonableness when counsel did not object to the instruction.[3] Cobb's claim of ineffective assistance fails.

Affirmed.

---

[2] We express no opinion whether the instruction alone can constitute ineffective assistance.

[3] We compliment Judge Shewmaker on the thoroughness of his findings.

BAKER, J., and MAY, J., concur.