**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**BILLY J. LEMOND**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY J. LEMOND, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 63A01-1302-PC-83 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Rerspondent. | ) | |

APPEAL FROM THE PIKE CIRCUIT COURT
The Honorable Jeffrey L. Biesterveld, Judge
Cause No. 63C01-1211-PC-317

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Billy J. Lemond, pro se, appeals the post-conviction court's denial of his petition for post-conviction relief. He contends that the post-conviction court erred in denying his motion for a change of judge, his request for an evidentiary hearing, and his motion to continue the denied evidentiary hearing. He also argues that the post-conviction court erred in holding that the jury verdicts were not inconsistent and that he did not receive ineffective assistance of trial and appellate counsel. Finding that the post-conviction court did not err, we affirm.

## Facts and Procedural History

The facts underlying Lemond's convictions were adopted from this Court's memorandum opinion on direct appeal:

> In the fall of 2005, Lemond's ex-wife, Rhonda Mattingly, sought a protective order for herself and their daughter, A.N.L. Lemond did not want A.N.L.'s name to appear on the protective order because he wanted to be able to exercise his visitation rights. On September 6, 2005, Lemond, Mattingly, and A.N.L. attended a hearing concerning the protective order. After the hearing, Mattingly and A.N.L. waited in the hallway while the court finished some paperwork. They were laughing about something when Lemond walked past them and said, "[Y]ou may be laughing now but tomorrow, it's going to be a really rough day."
>
> The next day, Lemond was to appear in the Dubois Circuit Court to face an intimidation charge Mattingly initiated. Mattingly and A.N.L. planned to attend the hearing. As they were driving along the Winslow-Cato Road toward Jasper, Lemond stepped out of the woods on the right side of the road. He fired two shots, which went through the windshield and caused Mattingly to swerve off the road. After quickly checking to see where Lemond was, Mattingly sped away, and Lemond fired some additional shots. Mattingly stopped at the nearest gas station and called 911. Neither she nor A.N.L. had been shot, but A.N.L. had some cuts from the glass.

Both Mattingly and A.N.L. identified Lemond as the shooter. Lemond was arrested and charged with attempted murder of Mattingly, attempted murder of A.N.L., and criminal recklessness with a deadly weapon.

* * * * *

The jury found Lemond guilty of attempted murder of Mattingly and criminal recklessness. Lemond was sentenced to forty-five years for attempted murder and two and-a-half years for criminal recklessness, to be served concurrently.

*Lemond v. State*, 878 N.E.2d 384, 388-89 (Ind. Ct. App. 2007) (citations omitted), *trans.*

*denied*. On appeal, Lemond argued that:

(1) [] the failure to give instructions on lesser included offenses was fundamental error; (2) [] the jury verdicts were inconsistent; (3) [] the trial court abused its discretion by disallowing questions submitted by the jury; (4) [] counsel was ineffective; (5) [] the trial judge was biased; and (6) [] his sentence is inappropriate.

*Id.* at 389. This Court affirmed, and our Supreme Court denied transfer.

Lemond then filed a post-conviction relief petition, alleging: his trial counsel did not inform him of a plea bargain offered by the prosecutor; a juror had information about evidence that was not presented at trial; he received ineffective assistance of trial counsel; he received ineffective assistance of appellate counsel; and he "was found guilty as the charging information read but only half of what the charging information claimed." Appellant's App. p. 7. The post-conviction court ordered Lemond to submit his cause by affidavit within thirty days. Lemond then filed a motion for a change of judge and a motion to have an evidentiary hearing, but both motions were denied. Lemond then filed a motion to reconsider, as well as a motion to continue the post-conviction evidentiary hearing. The post-conviction court again denied both motions.

Lemond now appeals.

3

**Discussion and Decision**

Lemond raises six issues on appeal, which we restate as: (1) whether he received ineffective assistance of trial counsel; (2) whether he received ineffective assistance of appellate counsel; (3) whether the jury verdicts were inconsistent; (4) whether the post-conviction court erred by denying his motion for a change of judge; (5) whether the post-conviction court abused its discretion by denying his motion for an evidentiary hearing; and (6) whether the post-conviction court abused its discretion when it denied his motion to continue the denied evidentiary hearing.

The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

**I. Ineffective Assistance**

Lemond first contends that the post-conviction court erred in finding that he received effective assistance of counsel at both the trial and appellate level. We disagree. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that the petitioner was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to satisfy either prong will cause the claim to fail. *French v. State*, 778 N.E.2d

4

816, 824 (Ind. 2002). Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *Id.* Counsel is afforded considerable discretion in choosing strategy and tactics, and we will accord those decisions deference. *Timberlake v. State*, 753 N.E.2d 591, 603 (Ind. 2001), *reh'g denied*. A strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* To meet the appropriate test for prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Perez v. State*, 748 N.E.2d 853, 854 (Ind. 2001).

## *A. Trial Counsel*

Lemond contends that his trial counsel was ineffective for failing to present to him an offered plea bargain. However, Lemond raised the issue of ineffective assistance of trial counsel on direct appeal, so he is barred from raising it again. On direct appeal, Lemond raised five ways in which he felt that his trial counsel was ineffective. While none of those included failure to present a plea bargain, that is of no consequence. As our Supreme Court held in *Morris v. State*, "[n]otwithstanding the fact that petitioner gave several additional examples of his counsel's alleged ineffectiveness during the post-conviction hearing, a consideration of the ineffectiveness issue would constitute review of an issue already decided on direct appeal. The additional examples of alleged ineffective representation raised in the instant appeal were available to the petitioner when he filed his direct appeal . . . ." 466 N.E.2d 13, 14 (Ind. 1984).

5

Since Lemond knew of this failure to present a plea bargain on January 10, 2007, Appellant's Br. p. 5, which was the day of his sentencing hearing, it was an available issue for him to raise on direct appeal. By not raising the issue on direct appeal, he is barred by res judicata from raising the issue on post-conviction relief. *Morris*, 466 N.E.2d at 14.

### B. Appellate Counsel

The standard of review for a claim of ineffective assistance of appellate counsel is the same as for trial counsel. *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006). There are three ways in which appellate counsel may be considered ineffective: (1) when counsel's actions deny the defendant his right of appeal; (2) when counsel fails to raise issues that should have been raised on appeal; and (3) when counsel fails to present claims adequately and effectively such that the defendant is in essentially the same position after appeal as he would have been had counsel waived the issue. *Grinstead v. State*, 845 N.E.2d 1027, 1037 (Ind. 2006).

Lemond's claims of ineffective appellate counsel fall into two categories: (1) failure to raise an issue at the appropriate time and (2) failure to adequately present certain claims.

### 1. Failure to Raise an Issue at the Appropriate Time

Lemond's claim of ineffective appellate counsel that falls into this category is that his appellate counsel was ineffective for raising a claim of ineffective assistance of trial counsel on direct appeal instead of on post-conviction relief. The decision of what issues to raise on appeal is one of the most important strategic decisions made by appellate counsel. *Bieghler v. State*, 690 N.E.2d 188, 193 (Ind. 1997). Thus, we give considerable

6

deference to appellate counsel's strategic decisions and will not find deficient performance in appellate counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available to counsel at the time the decision was made. *Taylor v. State*, 717 N.E.2d 90, 94 (Ind. 1999).

Lemond's claim of ineffectiveness of trial counsel was based on, among other things, failure to challenge two jurors and admitting on courtroom tapes that he failed to listen to recorded phone calls. Both of these issues were able to be analyzed on the face of the trial record, so "the interest of prompt resolution of the matter favor[ed] permitting it to be raised on direct appeal." *Woods v. State*, 701 N.E.2d 1208, 1211 (Ind. 1998). Lemond has also failed to show how the claims would have been decided any differently on post-conviction relief than on direct appeal. "Even if counsel's choice is not reasonable, to prevail, petitioner must demonstrate a reasonable probability that the outcome of the direct appeal would have been different." *Stevens v. State*, 770 N.E.2d 739, 760 (Ind. 2002). We therefore find that Lemond has failed to established ineffective assistance of appellate counsel on this claim.

## 2. Failure to Adequately Present Claims

The rest of Lemond's ineffectiveness claims fall into the category of failing to adequately present claims. Our Supreme Court has held that "an ineffectiveness challenge resting on counsel's presentation of a claim must overcome the strongest presumption of adequate assistance. Judicial scrutiny of counsel's performance, already 'highly deferential,' is properly at its highest. Relief is only appropriate when the

7

appellate court is confident it would have ruled differently." *Bieghler*, 690 N.E.2d at 196 (internal citation omitted).

Lemond contends that his appellate counsel was ineffective for not adequately presenting the issues of his trial counsel's failure to challenge a juror and alleged judicial bias. Lemond raised both of these issues on direct appeal, however, so he is barred by res judicata from raising them again on post-conviction relief. *See Morris*, 466 N.E.2d at 14.

In Lemond's other claim of ineffective assistance, he contends that his appellate counsel was ineffective for failing to listen to courtroom recordings that indicated that Lemond's trial counsel did not listen to all of Lemond's phone calls. Lemond raised this issue against his trial counsel on direct appeal, and this Court rejected his argument, saying that "the record reflects counsel was familiar with the content of those tapes and objected to several specific statements on those tapes." *Lemond*, 878 N.E.2d at 392. Since Lemond raised this issue on direct appeal, there is nothing that his appellate counsel could have done to raise the issue on post-conviction relief, as the issue had already been decided. Additionally, Lemond has failed to show how this Court's ruling would have been any different if his appellate counsel had presented this issue differently on post-conviction relief.

We therefore find that Lemond has failed to show that he received ineffective assistance of appellate counsel, and we affirm the post-conviction court's holding.

## II. Inconsistent Jury Verdicts

Lemond next contends that the jury verdicts were inconsistent because, he argues, under the jury instructions, he was found guilty of both intentionally and recklessly trying

to kill Mattingly. Appellant's Br. p. 13. However, Lemond made this same claim on direct appeal, and this Court found that the jury verdicts "are not irreconcilable." *Id.* at 390. "If [an issue] was raised on appeal, but decided adversely, it is res judicata." *Timberlake*, 753 N.E.2d at 597. We therefore find that res judicata bars Lemond from raising this issue again on post-conviction relief.

### III. Motion for Change of Judge

Lemond also argues that the post-conviction court erred by denying his motion for a change of judge. He contends that the motion was not timely filed through no fault of his own and that he has sufficiently showed bias on the part of Judge Jeffrey L. Biesterveld. We disagree.

Post-Conviction Rule 1(4)(b) states in relevant part:

> Within ten [10] days of filing a petition for post-conviction relief under this rule, the petitioner may request a change of judge by filing an affidavit that the judge has a personal bias or prejudice against the petitioner. . . . . A change of judge shall be granted if the historical facts recited in the affidavit support a rational inference of bias or prejudice.

Under this rule, the judge must examine the affidavit, treat the facts recited in the affidavit as true, and determine whether those facts create a reasonable inference of bias or prejudice. *Pruitt v. State*, 903 N.E.2d 899, 939 (Ind. 2009). The presumption is that the post-conviction judge is not biased against a party unless the judge holds a "personal bias or prejudice," one that "stems from an extrajudicial source—meaning a source separate from the evidence and argument presented at the proceedings." *Lambert v. State*, 743 N.E.2d 719, 728 (Ind. 2001).

9

In this case, Lemond failed to file his motion for a change of judge within ten days. However, Post-Conviction Rule 1(4)(b) states that "[f]or good cause shown, the petitioner may be permitted to file the affidavit after the ten [10] day period." Lemond contends that the reason his affidavit was not filed within the ten-day period is because his public defender did not get the paperwork for his case in time to submit the motion. But, Lemond's public defender contacted him about the change-of-judge motion on June 20, 2008, which was over four years before he actually filed the affidavit. Appellant's App. p. 21-21, 26-27. Based on this lapse of time, we cannot say that Lemond showed good cause for the delay in filing his motion for a change of judge.

Even if Lemond's affidavit had been timely filed, he has failed to show that Judge Biesterveld held a "personal bias or prejudice" against him. Lemond alleges that Judge Biesterveld was biased against him because his children attended a school that was locked down because of the shooting. *Id.* at 20. However, Lemond has provided no evidence to support this allegation; even if he had, this does not create a reasonable inference of personal bias, as there is no evidence that the Judge's children were harmed in any way. The shooting also occurred eight years before Lemond filed his motion for a change of judge.

Because Lemond both failed to show good cause for filing his affidavit after the ten-day time frame and that Judge Biesterveld had a personal bias or prejudice against him, we find that the post-conviction court did not err in denying his motion for a change of judge.

**IV. Evidentiary Hearing**

10

Lemond also contends that the post-conviction court erred in denying his request for a hearing. We disagree. Indiana Post-Conviction Rule 1(5) governs post-conviction hearings and provides in relevant part:

> The petition shall be heard without a jury . . . . The court may receive affidavits, depositions, oral testimony, or other evidence and may at its discretion order the applicant brought before it for the hearing. The petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence.

Additionally, Indiana Post-Conviction Rule 1(9) provides further guidance on the matter:

> In the event petitioner elects to proceed pro se, the court at its discretion may order the cause submitted upon affidavit. It need not order the personal presence of the petitioner unless his presence is required for a full and fair determination of the issues raised at an evidentiary hearing.

Therefore, if a petitioner proceeds pro se, as Lemond did, the trial court may decide that the cause should be submitted by affidavit, and "it is the court's prerogative to determine whether an evidentiary hearing is required, along with the petitioner's personal presence, to achieve a 'full and fair' determination of the issues raised[.]" *Smith v. State*, 822 N.E.2d 193, 201 (Ind. Ct. App. 2005) (citing Ind. Post-Conviction Rule 1(9)(b)), *trans. denied*.

In this case, the trial court determined that a full and fair determination of the issues could be made from affidavits alone, and a hearing was not required. Under Post-Conviction Rule 1(9), this is within the trial court's discretion.

### V. Denial of Motion to Continue Evidentiary Hearing

Finally, Lemond argues that the post-conviction court erred in denying his motion to continue the denied evidentiary hearing. Determining whether to grant a continuance for a motion that is not based on statutory grounds is within the discretion of the trial

11

court. *Evans v. State*, 855 N.E.2d 378, 386 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied*. We will not reverse the trial court's decision unless there is a clear showing that the trial court has abused that discretion and that the defendant has been prejudiced because of that denial. *Id.*

In this case, there was no evidentiary hearing set, and yet Lemond's motion clearly asked to continue the post-conviction evidentiary hearing. Appellant's App. p. 28-30. Lemond contends that the post-conviction court should have known that he meant to request a continuance to file his affidavit despite what he called the motion. However, Lemond provides no argument or authority to support this contention. Regardless, Lemond did not comply with the trial court's order that he submit his affidavit by January 18, 2013. Lemond argues that he did not have enough time in the law library to finish his affidavit by this date, but it is a well-settled principle that pro se litigants are held to the same standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans denied*. We therefore cannot say that the post-conviction court abused its discretion in denying Lemond's motion.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.