## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 21 2016, 6:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

William A. Goebel
Justin L. Froedge
Goebel Law Office
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy Newman,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 21, 2016

Court of Appeals Case No.
12A02-1601-PC-83

Appeal from the
Clinton Circuit Court

The Honorable
Randy G. Hainlen, Senior Judge

Trial Court Cause No.
12C01-1012-PC-270

**Kirsch, Judge.**

[1] After the post-conviction court denied Timothy Newman's ("Newman") petition for post-conviction relief, he appeals and claims that his trial counsel

was ineffective. We consolidate his issues and restate as: whether the post-conviction court properly denied Newman's petition for post-conviction relief.

[2] We affirm.

## Facts and Procedural History

[3] In 2005, the State charged Newman with five counts of child molesting for conduct that he engaged in over the course of approximately nine months with his two step-daughters. In 2006, following a jury trial, Newman was convicted of three counts of Class A felony child molesting and two counts of Class C felony child molesting. *PCR App*. at 62. On June 26, 2006, the trial court sentenced Newman to consecutive terms of thirty years each for the Class A felonies and four years each for the Class C felonies. *Id*. at 59-61. Newman filed a direct appeal and raised the following issues: (1) whether the evidence supported his convictions; (2) whether the trial court abused its discretion when it allowed the victims' grandmother to testify as a rebuttal witness; (3) whether Newman received ineffective assistance of trial counsel; and (4) whether his sentence was inappropriate. *Newman v. State*, No. 12A05-0608-CR-421 at *1 (Ind. Ct. App. June 12, 2007), *trans. denied*. This Court affirmed his convictions and sentence by Memorandum Decision. *Id*. at *11.

[4] In 2010, Newman filed a petition for post-conviction relief ("PCR"), asserting that, for a number of reasons, his trial counsel and his appellate counsel were

ineffective.[1]  *PCR. App.* at 39-40, 44-45.  In August 2012, the trial court held an evidentiary hearing at which Newman and his trial counsel, Bradley Mohler ("Mohler"), testified.  In December 2015,[2] the post-conviction court issued Findings of Fact and Conclusions of Law Denying Post-Conviction Relief ("Order").  *PCR App.* at 6-14.  The post-conviction court's Order included the following:

> 24.  The effectiveness of trial counsel was litigated on direct appeal.  As a result, the doctrines of res judicata and waiver prevent litigating it again through PCR.

> > If a claim of ineffective assistance of counsel has been litigated on direct appeal, it is not available in post-conviction proceedings[.] . . . If a claim of ineffective assistance of trial counsel is presented upon direct appeal, all specific allegations fitting within that category that are not presented on direct appeal are waived.

> Consequently the itemization of facts claimed to support a view that Mohler's performance fell below acceptable standards are waived and may not be raised in this PCR even if different than those enumerated on direct appeal.

---

[1] We note that, while Newman raised the issue of ineffectiveness of appellate counsel in his petition for post-conviction relief, *PCR App.* at 39, and the post-conviction court determined that Newman was not entitled to relief on that issue, *id.* at 12-13, Newman does not challenge that decision in his appeal.  Thus, the issue is not before us.

[2] We note the extended length of time that the matter was pending.  The CCS indicates that following the August 2012 hearing on Newman's post-conviction petition and extending into mid-2015, there were ongoing discovery disputes, hearings/conferences, and continuances.  *PCR App.* at 2-4.  In June 2015, the parties submitted proposed Findings of Fact and Conclusions of Law, and the post-conviction court's ruling was issued thereafter, in December 2015.

*Id*. at 14 (internal case citations omitted).  Newman now appeals.

## Discussion and Decision

[5]  Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentence by filing a post-conviction petition. Ind. Post-Conviction Rule 1(1); *Craig v. State*, 804 N.E.2d 170, 172 (Ind. Ct. App. 2004).  Post-conviction proceedings do not afford the petitioner an opportunity for a super appeal, but rather, provide the opportunity to raise issues that were unknown or unavailable at the time of the original trial or the direct appeal.  *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000), *cert. denied,* 534 U.S. 1164 (2002).  As a general rule, if an issue was known and available, but not presented upon direct appeal, it is waived.  *Craig*, 804 N.E.2d at 172.  If it was presented upon direct appeal, but decided adversely, it is res judicata.  *Id*. The petitioner for post-conviction relief bears the burden of establishing grounds for relief by a preponderance of the evidence.  P-C.R. 1(5).

[6]  When a petitioner appeals a denial of post-conviction relief, he appeals a negative judgment.  *Fisher v. State*, 878 N.E.2d 457, 463 (Ind. Ct. App. 2007), *trans. denied*.  The petitioner must establish that the evidence as a whole unmistakably and unerringly leads to a conclusion contrary to that of the post-conviction court.  *Id*.  We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion.  *Wright v. State*, 881 N.E.2d 1018, 1022 (Ind. Ct. App. 2008), *trans.*

*denied*. We accept the post-conviction court's findings of fact unless they are clearly erroneous, and no deference is given to its conclusions of law. *Fisher*, 878 N.E.2d at 463.

[7] Here, Newman claims that the post-conviction court erred in denying his petition for post-conviction relief, arguing that he received ineffective assistance of trial counsel. Specifically, he contends that his trial counsel was ineffective for failing to (1) move for a mistrial based on a violation of the separation of witnesses order; (2) request a mistrial after it was learned that a juror knew a State's witness; (3) request a change of venue and/or change of judge based on bias in the community against Newman; and (4) object to the victims' mother's testimony on the basis that she was biased against Newman or cross-examine her regarding inconsistencies in her testimony. *See Appellant's Br.* at 7-13. The State maintains that Newman has forfeited his post-conviction ineffective assistance of trial counsel claims because he already raised the issue of ineffective assistance of trial counsel on direct appeal. We agree.

[8] In *Woods v. State*, 701 N.E.2d 1208 (Ind. 1998), *cert. denied*, 528 U.S. 861 (1999), our Supreme Court held that claims of ineffective assistance of counsel could be litigated in post-conviction proceedings if, but only if, not litigated on direct appeal.[3] *See also Landis v. State*, 749 N.E.2d 1130, 1133 (Ind. 2001) ("[I]f a claim of ineffective assistance of counsel has been litigated on direct appeal, it is not

---

[3] "Prior to *Woods*, there was debate over whether a claim of ineffective assistance of counsel was or was not waived if not raised on direct appeal." *Landis v. State*, 749 N.E.2d 1130, 1132 (Ind. 2001).

available in post-conviction proceedings[.]").  We recognize that, on direct appeal, Newman asserted that his trial counsel was ineffective for reasons different than those that he now raises in his post-conviction appeal.[4]  However, the assertion of different allegations of trial counsel error does not save Newman's post-conviction claims.  Once a defendant chooses to raise a claim of ineffective assistance of trial counsel, he or she "must raise all issues relating to that claim, whether record-based or otherwise."  *Ben-Yisrayl*, 738 N.E.2d at 259 (citing *Woods*, 701 N.E.2d at 1220).  The directive from the *Woods* decision was that a defendant "must decide the forum for adjudication of the issue – direct appeal or collateral review[,]" and "[t]he specific contentions supporting the claim . . . may not be divided between the two proceedings."[5]  *Woods*, 701 N.E.2d at 1220; *see also Craig*, 804 N.E.2d at 173 ("[I]f a defendant presents a claim of ineffectiveness upon direct appeal, he is foreclosed from subsequently relitigating that claim, even if based upon different grounds.")  Accordingly, here, the post-conviction court did not err when it concluded that Newman was foreclosed from litigating his post-conviction claim of ineffective assistance of trial counsel and denied his petition for post-conviction relief.

---

[4] On direct appeal, Newman had claimed that trial counsel was ineffective:  (1) in his cross-examination of the victims by failing to address alleged inconsistencies between deposition and trial testimony; (2) for failing to object to a juror's presence as an alternate juror during deliberations; and (3) for failing to mention the lack of physical evidence to the jury.  *Newman v. State*, No. 12A05-0608-CR-421 at *9 (Ind. Ct. App. June 12, 2007), *trans. denied*.

[5] The *Woods* Court observed that, "[a]s a practical matter, this rule will likely deter all but the most confident appellants from asserting any claim of ineffectiveness on direct appeal."  *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998).

Affirmed.

May, J., and Crone, J., concur